SCOTT *v.* TEXAS LAND & CATTLE Co., Limited.

*(Circuit Court, W. D. Texas.* December 21, 1889.)

REMOVAL OF CAUSES—NON-RESIDENTS—FOREIGN CORPORATIONS.
    A foreign corporation doing business in Texas through local agents, and being, under Gen. Laws Tex. 1887, p. 132, subject to suit by service on the local agents, is not a non-resident, and entitled to remove a cause to the federal courts, under Act Cong. Aug. 13, 1888, § 2, providing for removal by non-resident defendants.

On Motion to Remand to State Court.
*Houston Bros.,* for plaintiff.
*Ogden & Johnson,* for defendant.

MAXEY, J.   This suit was originally instituted by the plaintiff against the defendant in the district court of Nueces county, Tex.   It involves the title to several tracts of land, and the amount in controversy is in excess of $2,000.   The defendant filed a petition and bond to remove the suit to this court, January 25, 1889, and on the succeeding day an order of removal was duly entered by the district court, and the record was here filed on April 24th following.   A motion to remand is made by the plaintiff, the principal grounds of which are:

"(1) It appears from petition of defendant for removal, and the pleadings in the district court of Nueces county, the defendant is a corporation, resident and doing business in the state of Texas.   (2) Said petition does not allege or show that the defendant is a non-resident of the state of Texas."

The motion is accompanied by a plea in abatement, but, to obviate the necessity of an inquiry into the facts affecting the question at issue, the parties have filed the following stipulation:

"It is agreed that the court, in considering and passing upon the motion to remand and plea to the jurisdiction, shall consider these agreed facts, to-wit: The defendant is a corporation chartered under the laws of the kingdom of Great Britain; that said defendant has complied with the statutes of Texas by filing its charter with the secretary of state of the state of Texas, and taken out a permit to do business in Texas; that said defendant does do business in Texas, where it has agents for the purpose, and where it claims to own property and land."

The law of the state, under which was granted to defendant the permit to do business within the state, went into effect after the removal proceedings were filed in this court, and it is not regarded as having application to this suit.   The statute of Texas fixing the venue of suits against corporations provides:

"That foreign, private, or public corporations, joint-stock companies or associations, not incorporated by the laws of this state, and doing business within this state, may be sued in any court within this state having jurisdiction over the subject-matter, in any county where the cause of action or a part thereof accrued, or in any county where such company may have an agency or representative, or in the county in which the principal office of such company may be situated; or, when the defendant corporation has no agent or representative in the state, then in the county where the plaintiffs, or either of them, reside."   Gen. Laws Tex. 1887, p. 132.

v.41F.no.5—15

As to the mode of serving process on corporations, it is provided that:

"In any suit against a foreign, private, or public corporation, joint-stock company or association, or acting corporation or association, citation or other process may be served on the president, vice-president, secretary, or treasurer, or general manager, or upon any local agent within the state, of such corporation, joint-stock company or association, or acting corporation or association." Gen. Laws Tex. 1885, p. 79.

From the petition of removal, the stipulation of counsel, and the statutes of the state regulating the venue of suits against foreign corporations, and the mode of service in such cases, it appears: (1) That defendant is a foreign corporation, chartered by the laws of Great Britain. (2) It transacts its business in this state, where it claims to own property and lands. (3) Its business is transacted in the state through the medium of resident agents. (4) It is amenable to suit under the laws of Texas, and citation or other process may be served upon any of its local agents within the state.

The second ground of the motion to remand presents the objection that, in the absence of averment of non-residence on the part of the defendant, the petition fails to disclose a cause removable under the act of congress. A determination of that question is not regarded as absolutely essential in this case, but it may be said that the objection has been regarded as fatal to the right of removal in *Walker* v. *O'Neill*, 38 Fed. Rep. 374. See, also, *Freeman* v. *Butler*, 39 Fed. Rep. 1. The petition for removal contains the general averment of diverse citizenship, and alleges that the defendant is "a corporation incorporated and existing under the laws and authority of the kingdom of Great Britain," but is silent as to the non-residence of defendant.

Considered in connection with the agreement of counsel, the first ground of the motion suggests the material questions for determination: Is the defendant a resident of this state? and, if a resident, is it entitled to remove the suit under the act of congress?

As to the first point the circuit court of the western district of Pennsylvania, Judges McKENNAN and ACHESON concurring, held that a railroad company, incorporated under the laws of New York, was an inhabitant of the western district of Pennsylvania. *Riddle* v. *Railroad Co.*, 39 Fed. Rep. 290. My views of that question, growing out of facts quite similar to those in this case, are fully stated in the case of *Zambrino* v. *Railway Co.*, 38 Fed. Rep. 449 *et seq.*, and it would be an idle ceremony to repeat the argument upon which the conclusion there reached was predicated. As a result of the view taken in the *Zambrino Case*, I hold, under the facts of this case, the defendant to be a resident of this state, within the meaning of the law; and the question recurs, is the suit removable by a resident defendant under the present statute? That, under the act of March 3, 1875, the cause was removable, there is no doubt; as that act, in "a controversy between citizens of a state and foreign states, citizens or subjects," permitted either party, without reference to the question of residence, to remove the suit. 18 St. at Large, 470, 471. The law, however, is now different, and it will be seen that the right of

removal, in cases of this kind, is limited to a defendant being a non-resident of the state.   Right of removal of this suit is claimed on the ground of diverse citizenship,—the plaintiff being a citizen of Texas, and the defendant, in legal contemplation, a citizen of Great Britain; and the second clause of section 2 of the act of August 13, 1888, is invoked as authority for the exercise of the right.   That clause provides that "any other suit of a civil nature, at law or in equity, of which the circuit courts of the United States are given jurisdiction by the preceding section, and which are now pending, or which may hereafter be brought, in any state court, may be removed into the circuit court of the United States for the proper district, by the defendant or defendants therein, being non-residents of that state."   25 St. at Large, 434.   Two limitations are attached, by the clause quoted, to the right of removal:   (1) The suits must be those of a civil nature, etc., of which the circuit courts are given original jurisdiction by the preceding section of the act.   (2) The right is expressly limited to the non-resident defendant.

Without here reproducing the first (preceding) section of the act, it is only necessary to say that a suit between a citizen of a state and an alien is one of which by that section the circuit court has original jurisdiction, (*Zambrino* v. *Railway Co.*, *supra*,) subject in such cases to the right of the defendant to insist upon or waive his privilege of being sued in the district of which he is an inhabitant.   *Meyer* v. *Herrera*, *ante*, 65, (decided at present term;)  *Cooley* v. *McArthur*, 35 Fed. Rep. 373.

But, as to the second limitation, it has been uniformly held, as far as the court is advised, that the non-residence of the defendant is a prerequisite to the right of removal.   *Gavin* v. *Vance*, 33 Fed. Rep. 87, 88; *Cudahy* v. *McGeoch*, 37 Fed. Rep. 2; *Walker* v. *O'Neill*, *supra*; *Freeman* v. *Butler*, *supra*.   Many other authorities might be cited, but it is deemed useless to multiply them, in view of the plain and unambiguous language of the statute.   *Walker* v. *O'Neill* was a suit between a citizen and an alien, (natural person,) and in the discussion of the question Judge BARR says:

"This construction deprives an alien of the right to have a removal of his suit from a state court into a federal court at all, except, perhaps, in the instance stated in *Cooley* v. *McArthur*, 35 Fed. Rep. 372; because, by the provisions of the first section, no original suit could be brought in the federal courts against an alien ' in any other district than that whereof he is an inhabitant;' and an alien being an inhabitant of the district, and therefore not a non-resident, is deprived, by the language of the second section, from the right of removal from the state court of the state of which he is a resident." 38 Fed. Rep. 376.

The distinguishing feature between *Walker* v. *O'Neill* and the case before the court is that in the former the suit was between two individuals, —natural persons,—and here the defendant is a corporation,—an artificial person; and it may be said that the existing diversity of opinion between the trial courts has grown out of the difficulty of locating the residence or habitation of these artificial persons.   One line of decisions confines the corporate residence to the state of the creation of the

corporation; the other gives the corporation a residence in a state where it has agents who transact its corporate business there, and where, un- .der the laws of that state, it may be sued, and service of process had upon such resident agents. Being impressed with the correctness of the latter view, and holding the defendant to be a resident of this state, it necessarily follows that it is precluded from removing the suit under the act of August 13, 1888. To hold otherwise would deprive the alien natural person who is a resident of the right to remove, and confer such right alone upon an alien corporation similarly situated. The statute is equally applicable to both classes of persons, and, without inquiring into the *status* of defendant touching its residence elsewhere,—nothing appearing in respect of it in the petition for-removal,—the court is of opinion that, owing to the fact of the defendant's residence being within this state, it is not entitled to remove the suit. The motion will be sustained, and the cause remanded to the district court of Nueces county.