ARKANSAS VALLEY SMELTING CO. *v.* COWENHOVEN *et al.*

(*Circuit Court, D. Colorado.* March 6, 1890.)

REMOVAL OF CAUSES—RESIDENT DEFENDANTS.

Under Act Cong. 1887, § 2, providing for the removal of causes from a state to the circuit court, "by the defendant or defendants therein, being non-residents" of the state, a cause containing but a single controversy cannot be removed, where some of the defendants are residents of the state.

On Motion to Remand to State Court.

Action by the Arkansas Valley Smelting Company against Margaret Cowenhoven, Elmer T. Butler, David M. Hyman, and the Compromise

Mining Company, a corporation organized in New York, associated together and transacting business as mining partners, under the name and style of the "Aspen Mine."

*F. W. Owers*, for plaintiff.

*C. J. Hughes, Jr.*, and *J. W. Taylor*, for Hyman and Compromise Co.,

*C. S. Thomas*, for Cowenhoven.

HALLETT, J. Plaintiff, a corporation organized in Missouri, brings suit against two defendants, citizens of the state of Colorado,—one defendant a citizen of the state of Ohio, and one defendant a corporation organized in New York. The action is upon a contract executed by defendants as mining partners under the name of the "Aspen Mine." All defendants are equally and generally liable upon the contract, and the action presents but one single controversy. Upon petition of the citizen of Ohio and the corporation organized in New York, the cause was removed into this court, and it now stands upon motion by the plaintiff to remand to the district court of the state. Section 2 of the act of 1887, relating to the removal of causes in which there are several defendants, and which present a single controversy only, seems to require that all the defendants shall be non-residents of the state in which the suit is brought. The language of the act is as follows:

"Any other suit of a civil nature, at law or in equity, of which the circuit courts of the United States are given jurisdiction by the preceding section, and which are now pending, or which may hereafter be brought, in any state court, may be removed into the circuit court of the United States for the proper district by the defendant or defendants therein, being non-residents of that state."

Under the act of 1875, it was held that, in cases where there were several plaintiffs or defendants, all parties on one side must have a different citizenship from parties on the other side. *Removal Cases*, 100 U. S. 457; *Blake* v. *McKim*, 103 U. S. 336. Upon the point of citizenship, the act of 1875 was not so clear as is the act of 1887, in respect to the matter of residence; and the rule of interpretation adopted in the cases cited requires that, under the act of 1887, all defendants seeking removal shall be non-residents of the state. Inasmuch as Margaret Cowenhoven and Elmer T. Butler, two of the defendants, are citizens, and apparently residents, of the state of Colorado, the cause is not removable into this court under the act of 1887. The case will be remanded to the district court of Lake county, from whence it was removed.