## MILLS *v.* NEWELL.

*(Circuit Court, D. Minnesota.* March 10, 1890.)

1. REMOVAL OF CAUSES—MOTION TO REMAND—FILING RECORD.
   Though the law of congress relating to the removal of causes provides that the removing party shall file a bond to enter the case in the circuit court on the first day of the next session, and that, the record being so entered, the cause shall proceed as if begun in the circuit court, the other party may file a transcript of the record at an earlier day, and have the case remanded, if it appears upon the face of the record that it was not one authorized to be removed.

2. SAME—RIGHT TO REMOVE—RESIDENT DEFENDANT.
   The removal act of 1888 does not provide for the removal of a cause to the federal courts by a defendant sued in the courts of the state of which he is a resident.

On Motion to Remand to State Court.

*Pierce & Nickell,* for plaintiff.

*Flannery & Cook,* for defendant.

NELSON, J.   This suit was brought in the district court of the county of Hennepin, in this state; and on the 24th day of December, 1889, counsel for the defendant filed a petition in the state court, signed by the defendant, for the removal of the case to the circuit court of the United States in this district.   The plaintiff is a citizen of the state of Rhode Island, and the defendant is a citizen of the state of Minnesota.   The ground of removal is that the controversy in said suit is wholly between citizens of different states, and that the defendant is interested in the controversy.   The proper bond was presented to the state court with the petition, and an order for removal was made on December 24th by the judge of the state court.

The law of congress directs that a condition of the bond should be that the defendant should enter in such circuit court of the United States, on the first day of its then next session, a copy of the record in such suit, etc., and it shall then be the duty of the state court to proceed no further in the suit, and, "the said copy of the record being entered, as aforesaid, in said circuit court of the United States, the cause shall then proceed in the same manner as if it had been originally commenced in said circuit court."   The act of congress of 1888, amending the removal act of 1887, contains the following clause,—the only one applicable to the present case:

"Any other suit of a civil nature, at law or in equity, of which the circuit courts of the United States are given jurisdiction by the preceding section, and which are now pending, or which may hereafter be brought, in any state court, may be removed into the circuit court of the United States, for the proper district, by the defendant or defendants therein being non-residents of that state."

The preceding section, alluded to, gives the circuit courts of the United States concurrent jurisdiction with the courts of the several states, original cognizance of all suits of a civil nature, at common law or in equity, when the matter in dispute exceeds, exclusive of interest and costs, the

sum or value of $2,000, in which there shall be a controversy between citizens of the different states. The then next session of the circuit court of the United States, after the filing of the petition and order by the state judge, commenced on the third Monday of the following June. The plaintiff has procured a transcript in said cause, containing a copy of all of the papers and files, and submitted them to this court, asking that they may be filed herein, which was granted, and the transcript of record, filed February 25, 1890, and at the same time an order to show cause was served upon the defendant's counsel, why the action should not be remanded to the state court for the reason that it appeared upon the face of the record that the defendant was not entitled to have the case removed under the act of congress. On the hearing of the motion, the counsel for the defendant objected to the court's considering the case, for the reason that the motion to remand was premature, and the circuit court could not proceed to determine the question of jurisdiction until the first day of the ensuing term.

No jurisdictional facts are contested by affidavits, and the only question presented is whether or not the court can determine the question of jurisdiction presented upon the face of the record at this time. An examination of the record shows that this is not a proper case for removal by defendant, under the act of congress; and it seems very clear, in the removal act of 1888, that a defendant, when sued in a court of his own state, cannot remove the cause into the federal courts; and it is also clear that a federal court, even without formal motion, will take notice of a jurisdictional matter which is ground to remand the cause. If the petition and affidavit fail to bring the case within the statute, it is the duty of the circuit court to remand it. The record, including the petition, must show jurisdiction in the circuit court; and, when the case is not one of which that court can take cognizance, it may be remanded at any stage of the proceedings. If, upon the face of the record presented to the court, the jurisdiction and right of the court, and the right of removal, is apparent, the federal court will not proceed to hear and determine the case upon the merits until the next term, at which, under the law, the petitioner for the removal is required to enter the record in the federal court. But when a transcript is entered in the circuit court by the non-petitioning party, and the attention of the court is called to it, and the record, on its face, shows the case is one of which the federal court cannot take jurisdiction, it will entertain a motion to remand the cause, in order to prevent delay, and secure justice. The court, certainly, would remand this cause if the record was filed on the first day of the then next session, and its attention was called to it at that time; and, as stated by the judge in the case of *Delbanco* v. *Singletary*, 40 Fed. Rep. 181, "why should a court hesitate or decline to look fully into the record in the first instance, and determine whether or not it has any jurisdiction of the case, when months afterwards it must make this examination, and, failing to find jurisdictional facts, must vacate all orders theretofore made, and remand the case to the state court." This court cannot take cognizance of the suit unless it was legally removed into it

from the court in which it originated. What justifiable ground can be urged for retaining the case here when, upon the face of the record, it is clear that the court can take no cognizance of it, and it must be finally remanded to the state court for want of jurisdiction? In my opinion, the plaintiff is not prohibited from filing the record at a date earlier than the first day of the next session, and can then challenge the jurisdiction of the court as it appears upon the face of the records. Motion to remand granted.