WILLIAM J. BRYAN *vs.* CHARLOTTE H. RICHARDSON.

Middlesex.     November 19, 1890. — January 12, 1891.

Present: FIELD, C. J., W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Removal of Cause — Federal Court — Exceptions.*

Under the U. S. St. of March 3, 1887, § 2, as amended by the U. S. St. of August 13, 1888, if the record of an action brought in a State court shows that there is a single controversy between citizens of different States, the defendant cannot remove the action therefrom to the Circuit Court of the United States unless he is not a resident of the State in whose court the action was brought.

Questions of law arising on the dismissal by the Superior Court of a petition for the removal of an action to the Circuit Court of the United States can properly be brought to this court by a bill of exceptions.

CONTRACT on a judgment. Trial in the Superior Court, before *Aldrich*, J., who allowed a bill of exceptions, in substance as follows.

The amount sought to be recovered was $13,956.13, which included a judgment for $13,488.03 obtained in 1884 by the plaintiff against the defendant in the Supreme Court of the State of New York, and $468.10, costs of suit. The plaintiff was a resident and citizen of the State of New York, and the defendant a resident and citizen of this Commonwealth. The defendant appeared specially on October 16, 1889, and, after filing an answer in abatement on the ground that another suit between the same parties upon the same cause of action was pending in the Supreme Court of New York, on October 25, 1889, filed a petition for the removal of the case into the Circuit Court of the United States for the District of Massachusetts, and filed a bond therewith, which was duly approved.

On November 25, 1889, no opportunity having occurred before that time, the defendant applied for an order that the suit be removed, as prayed for in his petition. The judge declined so to order, and dismissed the petition; and the defendant alleged exceptions.

The record of the Superior Court transmitted to this court showed that the exceptions were allowed on February 28, 1889, and that, on June 11 following, judgment was ordered for the plaintiff in that court.

*F. Cunningham*, for the defendant.

*S. H. Dudley*, for the plaintiff.

FIELD, C. J. It appears by the record, that at the time of the commencement of the suit, and at the time the petition for removal was filed, the plaintiff was a resident and citizen of the State of New York, and the defendant a resident and citizen of the Commonwealth of Massachusetts. The suit is an action of contract on a judgment for the sum of $13,488.03 debt, and $468.10 costs of suit, which was obtained by the plaintiff against the defendant in the Supreme Court of the State of New York. The petition for removal was brought under § 2 of the act of Congress of March 3, 1887, as amended by the act of August 13, 1888.

The construction we give to this section is, that where the only ground of jurisdiction in the courts of the United States is that there is a controversy between citizens of different States, and the record of the suit shows that there is but a single controversy, and but one plaintiff and one defendant, the defendant cannot remove the suit from the State court to the Circuit Court of the United States unless he is not a resident of the State in the court of which the suit was brought. Whether this is true under the third clause of this section when the suit contains separable controversies between different sets of parties, we have no occasion to consider, as the present is not such a suit. See *Western Union Tel. Co.* v. *Brown*, 32 Fed. Rep. 337.

It is immaterial that the suit could have been originally brought in the Circuit Court of the United States for the District of Massachusetts, because the jurisdiction of that court over original suits is not necessarily the same as that over suits removed from State courts. Each jurisdiction depends upon

the construction of the provisions of the statutes of the United States which confer it. *American Finance Co.* v. *Bostwick*, 151 Mass. 19.

The question of law arising on the dismissal of the petition by the Superior Court could properly be brought to this court by bill of exceptions. *Stone* v. *Sargent*, 129 Mass. 503. *Ellis* v. *Atlantic & Pacific Railroad*, 134 Mass. 338.

It is unnecessary to consider the other objections made to the petition.                                           *Exceptions overruled.*