LONG v. LONG et al.

(Circuit Court, N. D. Iowa, C. D. April 13, 1896.)

1. REMOVAL OF CAUSES—JURISDICTION—DISTRICT OF RESIDENCE OF PARTIES.

If a case brought in a state court is such that it might have been brought originally in a court of the United States, then it may be removed to the federal court of the district wherein it is pending in the state court, when the facts bring it within the second section of the act of August 13, 1888, though neither of the parties resides in such district.

2. SAME—APPEARANCE—PETITION FOR REMOVAL.

An action was commenced in a state court against nonresident defendants, by attachment of their property. The defendants filed a petition for the removal of the cause to the federal court, not limiting in any way the effect of such petition, and alleging therein the pendency of a controversy between them and plaintiff. The cause was removed, and plaintiff moved to remand, on the ground that neither state nor federal court had obtained jurisdiction of the defendants. Held, that both through the

attachment and through the defendants' appearance the state court had jurisdiction of the case to which the federal court succeeded, and that the motion to remand should be denied.

Submitted on Motion to Remand to State Court.

H. E. Long and Funson & Gifford, for plaintiff.
Botsford, Healy & Healy, for defendants.

SHIRAS, District Judge. The plaintiff herein, who is a citizen of the state of Iowa, and a resident of Des Moines, in the Southern district, brought this action in the district court of Calhoun county, Iowa, against Isabella M. Long, Ella M. Long, Frederick M. Long, Christian L. Long, and Flora R. Long, who are all citizens of the state of Pennsylvania, and residents of that state, and H. J. Griswold, a citizen of Iowa, to recover the sum of $4,000, claimed to be due plaintiff for the use and occupancy of certain realty situated in Calhoun county, Iowa, it being averred in the petition that H. J. Griswold was the agent of his co-defendants, and in that capacity had received the rentals accruing from said realty. A writ of attachment was sued out by the plaintiff and levied on certain realty, and notice of the pendency of the action was given by publication, under the provisions of the Code of Iowa, no personal service of the original notice being had, except upon the defendant Griswold. Upon the return day in the state court the defendant Griswold appeared by counsel, and moved the court to strike his name from the case, for the reason that it appeared on the face of plaintiff's petition that he had acted only as the agent for his co-defendants, and had no interest in the subject of the action. At the same time the non-resident defendants filed a petition for the removal of the case into the federal court, averring therein that they were the defendants to the suit, which involved over $4,000; that the controversy existed between themselves, they all being, when the suit was brought, citizens of the state of Pennsylvania, and the plaintiff a citizen of Iowa, residing at Des Moines. The state court sustained the motion of the defendant Griswold, dismissing the action as to him, and granted the petition of removal to the federal court. The transcript having been duly filed in this court, the plaintiff now appears, and moves that the case be remanded to the state court for want of jurisdiction in this court, basing such motion upon two general grounds; the first being that, as it appears that neither the plaintiff nor any of the present defendants are residents in the Northern district of Iowa, jurisdiction cannot be taken by removal, because the action could not have been brought in this court originally.

In cases brought in the state courts, wherein a removal to the federal court is sought, the first question to be determined is whether the given action, either by reason of the subject-matter or by reason of the diversity of citizenship between the adversary parties, is one coming within the federal jurisdiction under the provisions of the existing statutes, and the second question is, if it be found that the case is one within the federal jurisdiction, whether the statutory requisites to the right of removal exist in the particular case.

In the case now before the court, it appears that the controversy therein set forth exists between a citizen of the state of Iowa (the plaintiff) and five citizens and residents of the state of Pennsylvania (the defendants), and the amount involved exceeds the sum of $2,000, exclusive of interest and costs. It thus appears that the controversy is one of federal cognizance and jurisdiction under the provisions of the first section of the amendatory act of 1888 (25 Stat. 433), and under the express provisions of that section the plaintiff might have sued originally in the district wherein the defendants reside, in the state of Pennsylvania, or in the Southern district of Iowa, wherein the plaintiff resides; and, further, if the plaintiff had brought the action in any other federal district,—as, for instance, the Northern district of Iowa,—and the defendants had appeared generally in the action for the purpose of contesting it on the merits, the jurisdiction would have been undoubted. Railway Co. v. McBride, 141 U. S. 127, 11 Sup. Ct. 982; Railroad Co. v. Davidson, 157 U. S. 201, 15 Sup. Ct. 563. The contention of the plaintiff that a case cannot be removed into this court, under the acts now in force, unless the action could have been properly brought in this court originally, is based upon a misconception of the true meaning of the second section of the act of 1888. It is now the settled construction of this section that, if a given case, brought in the state court, is such that it might have been brought originally in a court of the United States, then it may be removed to the federal court of the district wherein it is pending in the state court, when the facts bring it within the provisions of the second section. Fales v. Railway Co., 32 Fed. 673; Short v. Railway Co., 33 Fed. 114; Wilson v. Telegraph Co., 34 Fed. 565; Machine Co. v. Walthers, 134 U. S. 41, 10 Sup. Ct. 485.

The second ground upon which plaintiff relies in support of the motion to remand is based upon the assumption that the state court did not have jurisdiction over the persons of the nonresident defendants, they being served by publication only, and that their act in filing a petition to remove the case must be deemed to be a special appearance only, both as to the state court and as to this court, and therefore neither court had or has jurisdiction over the defendants. Under the provisions of the Code of Iowa, actions aided by attachment may be brought against nonresident defendants, and service of the notice of the action may be made by publication, and upon such service the court has jurisdiction over the property attached, and can subject it to the payment of the debt found due the plaintiff. Therefore, in this case, the state court without an appearance, special or general, on part of the defendants, could have proceeded to judgment against the attached property, and it therefore had jurisdiction over the case. When the defendants appeared therein, and filed the petition for removal to this court, it was not sought to restrict in any way the effect of the appearance thus made. On the contrary, in the petition for removal the defendants averred that there was pending between them and the plaintiff a controversy exceeding in amount the sum of $2,000, exclusive of interest and costs, and it was this controversy which they prayed might be removed

into this court. By their own affirmative action they have invoked the jurisdiction of this court, and, having brought the action into this court, they would not be permitted to aver that they are not here for want of personal service. Construction Co. v. Fitzgerald, 137 U. S. 98, 11 Sup. Ct. 36; Railway Co. v. McBride, 141 U. S. 127, 11 Sup. Ct. 982. If the defendants had not appeared in the state court, the jurisdiction of that court would not have been defeated as to the attached property; but by the appearance of defendants in that court it obtained jurisdiction over them personally, and it does not now lie with defendants to question the jurisdiction of this court. Cowley v. Railroad Co., 159 U. S. 569, 16 Sup. Ct. 127. The defendants, however, do not seek to avoid the jurisdiction of this court on the questions of service or appearance, and there is, therefore, no substantial ground for the contention of the plaintiff to the effect that this court is without jurisdiction. If the state court had jurisdiction over the case, this court has succeeded thereto. If this court has no jurisdiction, it must be because the state court had none, —a position which the plaintiff does not assume. The facts now appearing of record show that the state court had jurisdiction over the case, that it was one removable to this court under the provisions of the act of 1888, and that the proper showing for removal was made and filed in the state court; whence it follows that this court has jurisdiction, and that the motion to remand is not well taken. Motion overruled.