DAVIS et al. v. COUNTY COURT OF RANDOLPH COUNTY et al.

(Circuit Court, D. West Virginia. August 4, 1898.)

1. REMOVAL OF CAUSES—SEPARABLE CONTROVERSY.

A cause is not removable unless all the parties on one side are citizens of different states from those on the other side, or unless there is a separable controversy wholly between some of the parties who are citizens of different states, in which the question at issue can be fully determined between them.

2. SAME—SUIT FOR INJUNCTION.

A suit by taxpayers of a county against the county court and a citizen of another state, to restrain the court from erecting a new court house, and the other defendant from executing a contract to build it, entered into with the county court, is not removable by the nonresident defendant on the ground that there is a separable controversy, as any injunction against either defendant necessarily operates upon both.

C. W. Dailey, for plaintiffs.

J. L. Wamsley and E. D. Talbott, for defendants.

JACKSON, District Judge. This is a bill filed by James Henry, John P. Davis, and R. D. Darden, who are citizens, residents, voters, and taxpayers of the county of Randolph, in the state of West Virginia, who sue on behalf of themselves and all of the taxpayers of the said county, against the county court of Randolph county, Patrick Cricard, a commissioner and president of said court, J. W. Gooden and Omar Conrad, commissioners, who are all citizens and residents of Randolph county, W. Va., and John P. Conn, a citizen and resident of the state of Pennsylvania. The purpose and object of this bill is to restrain the county commissioners from the erection of a new court house at Beverly, in Randolph county, and to restrain the defendant Conn from executing a contract entered into with him by the county court on the 6th day of June, 1898, for the construction and erection of the court-house building, as provided for in the contract.

It is not necessary for the court at this time to consider the various questions involved and raised by the pleadings in this case. It appears from the bill that the plaintiffs and the defendants are all citizens of West Virginia, except the defendant Conn, who is a citizen and resident of Pennsylvania. The defendant Conn filed his petition in the circuit court of Randolph county for the removal of this cause to the United States circuit court for this district, claiming that he had a separable controversy between himself and the plaintiffs. It is now heard upon a motion to remand the cause upon the ground that it is not a cause that can be removed into the United States court, for the reason that there is no separable controversy between the plaintiffs and defendants in this case. I was inclined to think, when I first heard this motion, that the relief sought by the defendant Conn could be had independent of his co-defendant, the county court, but upon further reflection I have reached the conclusion that the defense of the defendants is one and inseparable, and that the case cannot proceed, as against one of the defendants, without the presence of the other.

88 F.—45

In the case of Dickinson and others, citizens and taxpayers of the county of Kanawha, in the state of West Virginia, against the county court of Kanawha county and the Vulcan Road-Machine Company, a Pennsylvania corporation, a similar question was raised, which was decided by this court. The county court of Kanawha county had entered into a contract with the Vulcan Road-Machine Company for the erection and construction of two bridges in the county of Kanawha, as provided for in the contract. The case was removed from the circuit court of Kanawha county to the United States court, sitting at Charleston. A motion was made to remand the case, upon the ground that there was no separable controversy between the plaintiffs and any of the defendants. After mature consideration, I remanded the case, for the reason that the plaintiffs and one of the defendants, the county court, were citizens and residents of the same state, and there did not exist such a separable controversy between the plaintiffs and defendants as would confer jurisdiction upon this court. (Not reported.)

This ruling would seem to be a precedent to control my action upon this motion. It has been held that in an action by resident taxpayers against county officials and bondholders, one of whom is a nonresident, to restrain the collection of a tax levied for the payment of illegal bonds, and to cancel the bonds, there is no separable controversy with relation to the county officials and bondholders. Anderson v. Bowers, 40 Fed. 708. This case seems to me to rule the point at issue upon this motion. It is very clear that, unless all the parties on one side of the controversy are citizens of different states from those on the other side, or that there is a separable controversy wholly between some of the parties, who are citizens of different states, in which the question at issue can be fully determined as between them, then the case cannot be removed. Hyde v. Ruble, 104 U. S. 407; Ayre v. Wiswall, 112 U. S. 187, 5 Sup. Ct. 90; Coney v. Winchell, 116 U. S. 227, 6 Sup. Ct. 366; Safe-Deposit Co. v. Huntington, 117 U. S. 280, 6 Sup. Ct. 733; Little v. Giles, 118 U. S. 596, 7 Sup. Ct. 32; Brooks v. Clark, 119 U. S. 503, 7 Sup. Ct. 301.

The plaintiffs in this bill seek to restrain the defendants from the erection of the court house under the contract before referred to. To make the injunction now existing effective, it should operate against both defendants, who are the only parties to the contract. The court could not dissolve it as to Conn, the petitioner, and at the same time permit it to stand as to his co-defendant the county court. Such action would be unjust to both of the defendants, and possibly result in expensive litigation.

The relief asked for by the plaintiffs in their bill grows directly out of the contract between the two defendants, and it is not perceived what decree the court could enter in this case, if it retained it, that would not operate upon both of the defendants. It follows that, as the county court is a citizen of the same state as the complainants, the suit is not removable, and the case will be remanded, for the reasons assigned, to the circuit court of Randolph county.