## PARKINSON v. BARR et al.

(Circuit Court, D. Nevada. November 26, 1900.)

No. 703

1. REMOVAL OF CAUSES—DIVERSITY OF CITIZENSHIP—FORMAL OR FICTITIOUS PARTIES.

On a question of a right of removal the court will consider only the citizenship and residence of the parties whose real names are disclosed in the pleadings. Defendants joined by fictitious names, their real names being alleged to be unknown, and their residence and citizenship being undisclosed, will be regarded as merely formal parties, whose presence on the record cannot affect the right of removal.

2. SAME—TIME FOR FILING PETITION.

The validity of a removal is not affected by the fact that at the time the petition therefor was filed the summons had not been returned nor served on all the defendants.

3. SAME—MOTION TO REMAND—WAIVER.

A plaintiff, by appearing in the federal court after the removal of the cause, and obtaining leave to file an amended complaint, does not thereby waive his right to move to remand.

4. SAME—DIVERSITY OF CITIZENSHIP.

Where there is no separable controversy in a cause, it is not removable, under the judiciary act of 1887–88, on the ground of diversity of citizenship, unless all the defendants are nonresidents of the state in which it is brought, notwithstanding the plaintiff is a citizen of a different state from any of such defendants.[1]

On Motion to Remand to State Court.

N. Soderberg, for complainant.

M. A. Murphy, for defendants.

HAWLEY, District Judge (orally). This suit was removed into this court by an order of the state district court of Ormsby county, Nev., made October 3, 1900. The petition for removal upon which the order was made states, among other things:

"That on the 12th day of April, 1900, the above-named plaintiff filed a complaint in the district court of the First judicial district, state of Nevada, in and for the county of Ormsby, praying for a judgment against the defendants, for the cancellation and annulment of all deeds, incumbrances, mortgages, or other written instruments, and all other agreements, whether parol or in writing, made or had under or in pursuance of the said proceedings in the high court of justice, chancery division, at London, England; praying for a restraining order and the appointment of a receiver, and for a judgment against the said defendants, and each of them, in the sum of fifty thousand dollars damages; asking for an accounting of rents, issues, and profits, and for costs. That on the 13th day of July, 1900, a summons was issued out of, and under the seal of, this court. * * * That the time has not elapsed wherein your petitioners are allowed, under the practice and laws of the state of Nevada, and the rules of said court, to appear, plead, demur, or answer said complaint. That your petitioners dispute said claim, and deny all liability and the allegations as set out in the complaint herein. That the matter in dispute in this action exceeds the sum of two thousand dollars, exclusive of interest and costs. That the controversy in this action, and every issue of fact and law therein, is wholly between citizens of different states and foreign empires and kingdoms, and which can be fully determined

---

[1] Diverse citizenship as ground for federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249, and Mason v. Dullagham, 27 C. C. A. 298.

as between them. That is to say, the plaintiff, T. D. Parkinson, is now, and was at the time of the filing of the complaint in this action, a citizen and resident of Oakland, Alameda county, state of California; and the defendant James Mark Barr was then, and still is, a citizen and resident of the state of Pennsylvania; and the defendant R. L. Ritchie was at the date of filing the complaint in this action, and still is, a citizen and resident of Humboldt county, state of Nevada. That the defendants Richard Hammond, William F. Lees, John Annan, the Nevada Land & Cattle Company, Ltd. (a corporation), C. De Murrieta & Co., Ltd., John Doe, and Richard Roe are now, and were at the time of the filing of the complaint in this action, citizens and residents of Great Britain, kingdom of Great Britain and Ireland."

On the 5th day of November, 1900, the attorney for plaintiff appeared in this court, and obtained leave of the court to file an amended complaint herein within 30 days. Thereafter, on the same day, he filed his notice of motion to remand the cause to the state court upon the following grounds:

"(1) That said cause was prematurely removed, * * * particularly in this, to wit: that said cause was ordered removed by, and was removed from, said state court, and docketed in said United States circuit court, * * * before service of summons upon said defendants therein, except upon the defendant Ritchie, and before the return of said summons to said state court, and without the said court's having any evidence before it of said service; (2) That the said United States circuit court * * * has no jurisdiction of the subject-matter of said cause, or the parties therein, and particularly in this, to wit: that the alleged right of removal and the jurisdiction of said federal court depend wholly on diverse citizenship of the parties to said cause, and it does not appear from the record herein that said diverse citizenship exists. (3) That said defendants have not all united in the petition for removal. (4) That it does not appear from the said petition for removal, or otherwise, or at all, that said or any of the defendants are nonresidents of the state of Nevada, and, if so, who are such nonresidents."

The technical points presented by the motion may be briefly disposed of.

It must be apparent that as to the defendants John Doe and Richard Roe, whose real names are alleged in the complaint to be unknown to plaintiff, their residence and citizenship, not being mentioned therein, must be presumed to be unknown to the defendants whose real names are given. They should therefore be treated, for the purposes of this motion, as being merely formal parties, whose rights for the present should be ignored. It is certain that the mention of their fictitious names in the complaint and in the petition cannot be considered either in favor of or against the motion. It is the duty of the court to consider only the citizenship and residence of the parties whose real names are disclosed in the pleadings. 18 Enc. Pl. & Prac. 195, 196, and authorities there cited. In Dill. Rem. Causes (5th Ed.) § 18, the author said, "The joinder of mere nominal or formal parties can no more secure the right of removal than their presence on the record can defeat it."

With reference to the points made by plaintiff about the issuance of a summons, and of the nonservice thereof at the time the petition of removal was filed, it is enough to say that the parties defendant might appear without any service of process upon them, or either of them, and file their petition for removal. The plaintiff, by first appearing in this court and asking for time to file an amended com-

plaint, did not waive his right thereafter to move to remand the cause to the state court.

The merits arising upon the facts stated in the petition of removal are worthy of careful consideration. It will be noticed therefrom that, while it is alleged that the controversy is "between citizens of different states and foreign empires and kingdoms," yet it appears that one of the defendants, to wit, R. L. Ritchie, is a resident and citizen of the state of Nevada. The question to be discussed is, can the removal of this cause from the state court be sustained upon the ground that the parties are residents and citizens of different states, unless it clearly appears that all the defendants who join in the petition for removal are nonresidents of the state where the suit is brought? This question is important. It involves a construction of the provisions of the removal act of 1887-88 (24 Stat. 553; 25 Stat. 434). In construing the provisions of this act, it must constantly be kept in mind that it was passed for the express purpose of limiting the jurisdiction of the United States circuit courts as given by the removal act of 1875. In Smith v. Lyon, 133 U. S. 315, 320, 10 Sup. Ct. 303, 304, 33 L. Ed. 635, 637, the court said it was "a statute mainly designed for the purpose of restricting the jurisdiction of the circuit court of the United States." In Re Pennsylvania Co., 137 U. S. 451, 454, 11 Sup. Ct. 141, 142, 34 L. Ed. 738, 740, the court said, "The general object of the act is to contract the jurisdiction of the federal courts." In Fisk v. Henarie, 142 U. S. 459, 467, 12 Sup. Ct. 207, 210, 35 L. Ed. 1080, 1083, the court said, "The attempt was manifestly to restrain the volume of litigation pouring into the federal courts, and to return to the standard of the judiciary act." In Hanrick v. Hanrick, 153 U. S. 192, 197, 14 Sup. Ct. 835, 837, 38 L. Ed. 685, 687, the court said it "was intended * * * to contract the jurisdiction of the circuit court of the United States, whether original over suits brought therein, or by removal from the state courts."

The particular provisions of the act applicable to this case read as follows:

"Any other suit of a civil nature, at law or in equity, of which the circuit courts of the United States are given jurisdiction by the preceding section, and which are now pending, or which may hereafter be brought, in any state court, may be removed into the circuit court of the United States for the proper district by the defendant or defendants therein, being non-residents of that state. And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the circuit court of the United States for the proper district."

Under this statute it is clear that, in all cases where there is no separable controversy, the right of removal can be exercised only by nonresident defendants. Telegraph Co. v. Brown (C. C.) 32 Fed. 337; Anderson v. Appleton, Id. 855; Weller v. Tobacco Co., Id. 860; Schofield v. Demorest (C. C.) 40 Fed. 273; Smelting Co. v. Cowenhoven (C. C.) 41 Fed. 450; Mills v. Newell (C. C.) 41 Fed. 529; Frisbie v. Railway Co. (C. C.) 57 Fed. 1; Thurber v. Miller, 14 C. C. A. 432, 67 Fed. 371, 378; Bank v. Smith, 19 C. C. A. 42, 72 Fed. 568; Davis v. County

Court (C. C.) 88 Fed. 705; Fife v. Whittell (C. C.) 102 Fed. 537; Martin v. Snyder, 148 U. S. 663, 13 Sup. Ct. 706, 37 L. Ed. 602; Merchants' Cotton Press & Storage Co. v. Insurance Co. of North America, 151 U. S. 369, 386, 387, 14 Sup. Ct. 367, 38 L. Ed. 195; Bryan v. Richardson, 153 Mass. 157, 26 N. E. 435. From the general principles announced in these authorities it necessarily follows that in all cases where, as here, the suit is brought by a nonresident against residents and citizens of different states, and all the defendants join in the petition for removal, the complaint or petition for removal must affirmatively show that all of them are nonresidents. If one or more of them are residents and citizens of the state where the suit is brought, that fact is sufficient to defeat the removal from the state court. In Smelting Co. v. Cowenhoven, supra, the plaintiff, a corporation organized in Missouri, under the law being a resident and citizen of Missouri, brought suit in the state court of Colorado against two defendants residents and citizens of the state of Colorado, one defendant a resident and citizen of the state of Ohio, and one defendant a corporation organized in New York. The state court, upon petition of the defendants, ordered the cause removed to the United States circuit court. On the motion to remand, Hallett, J., said:

"Inasmuch as Margaret Cowenhoven and Elmer T. Butler, two of the defendants, are citizens and apparently residents of the state of Colorado, the cause is not removable into this court under the act of 1887."

The fact that some of the defendants who join in the petition are aliens and subjects of other kingdoms does not change the rule. The law is well settled that suits between citizens of a state and foreign states, citizens or subjects, can be removed only when the defendants are all nonresidents of the state where the suit is brought. Cudahy v. McGeoch (C. C.) 37 Fed. 1; Walker v. O'Neill (C. C.) 38 Fed. 374; Scott v. Cattle Co. (C. C.) 41 Fed. 225, 227; Purcell v. Mortgage Co. (C. C.) 42 Fed. 465; Tracy v. Morel (C. C.) 88 Fed. 801.

The facts set forth in the petition are wholly insufficient to maintain the jurisdiction of this court. Motion granted.