FEDERAL LAND BANK OF SAINT PAUL *v.* VON ZELLEN.

1. REMOVAL OF CAUSES—DISQUALIFICATION OF CIRCUIT JUDGE.
   Disqualification of a circuit judge is not a ground for removal of a suit from a State to a Federal court as a judge, not disqualified, may be called in (3 Comp. Laws 1929, § 13999).

2. SAME—FEDERAL QUESTION—DIVERSITY OF CITIZENSHIP.
   Denial of defendants' petition for removal of suit in equity by a Federal land bank to foreclose mortgage on real estate located in this State, executed by resident, in which mortgagor's heirs at law were made defendants *held*, proper where neither bill of complaint nor petition disclose that there was involved any Federal question or Federal law outside of usual and proper State court administration and petitioner for removal was a resident of this State.

3. SAME—STATUTES.
   The right of removal of a cause from a State to a Federal court is statutory, hence a suit commenced in a State court must remain there until cause is shown for transfer under some act of Congress.

4. SAME—DIVERSITY OF CITIZENSHIP—SEPARABLE CONTROVERSY.

   Removal of a cause from State to Federal court, under removal act permitting removal in case of diversity by defendant or defendants because of nonresidence in State where suit was brought, is not removable by a defendant who is a resident of such State even though the suit is otherwise removable as involving a separable controversy.

5. APPEAL AND ERROR.— REFUSAL TO REMOVE CAUSE TO FEDERAL COURT—CERTIORARI—MANDAMUS.

   Refusal of circuit judge to remove suit by Federal land bank to foreclose mortgage on real estate located in this State to Federal court on petition of resident defendant, is reviewable in Supreme Court only on application for writ of certiorari or mandamus and allowance thereof by this court, hence, where no such application was made and appeal has no merit anyway, it is dismissed.

Appeal from Baraga; Stone (John G.), J. Submitted October 5, 1937. (Docket No. 25, Calendar No. 39,207.) Decided November 10, 1937.

Bill by Federal Land Bank of Saint Paul against John O. von Zellen and others to foreclose a mortgage. Cross-bill by Olga O. von Zellen against plaintiff for cancellation of note and mortgage. Petition by Olga O. von Zellen for removal of cause to Federal court. From order denying removal, defendants Olga O., John O., and Sigrid A. von Zellen appeal. Appeal dismissed.

*H. C. Schulte (John Thorpe, Michael A. Schmitt, Robert J. Barry, Charles E. Houston and Harold W. Lee, of counsel), for plaintiff.*

*Olga O., John O., and Sigrid A. von Zellen, in pro. per.*

WIEST, J. Plaintiff bank filed the bill herein, in the circuit court for the county of Baraga, to fore-

close a mortgage upon real estate located in that county, and executed by a resident of this State, and made the heirs at law of the deceased mortgagor defendants.   Three of the defendants appeared and filed answers, one of whom, Olga von Zellen, also asked for affirmative relief by way of cross-bill. After so answering and filing a cross-bill defendant Olga von Zellen petitioned for removal to the Federal court, averring prejudice of the circuit judge, involvement of Federal laws and diversity of citizenship.   The circuit judge refused removal.   Olga von Zellen took a general appeal and two other defendants, who had not petitioned for removal, joined therein.   Plaintiff moved to dismiss the appeal, because taken without leave of this court and review, if any, could only be had by authorized writ of certiorari or mandamus.

We have held that motion in abeyance and in the meantime have examined the record.

Disqualification, if any, of the circuit judge was no ground for removal of the suit.   A judge, not disqualified, may be called in.   3 Comp. Laws 1929, § 13999. · The averments of disqualification of the judge are merely querulous and wholly without any specification of reasonable ground for the peevishness.

The petition for removal discloses no Federal question or Federal law outside of usual and proper State court administration.

The bill of complaint discloses no Federal question, and the petitioner sets up none.   Diversity of citizenship does not appear.

"It is, of course, familiar law that the right of removal being statutory, a suit commenced in a State court must remain there until cause is shown for its

transfer under some act of Congress." *Great Northern R. Co.* v. *Alexander,* 246 U. S. 276, 280 (38 Sup. Ct. 237).

In *Martin* v. *Snyder,* 148 U. S. 663 (13 Sup. Ct. 706), it was held (quoting syllabus):

"A defendant residing within a State in which an action is commenced in a court of the State, is not entitled, under the act of March 3, 1887, 24 Stat. 552, c. 373, to have the suit removed to the circuit court of the United States."

This holding was followed in *McCaffrey* v. *Wilson & Co.,* 10 Fed. (2d) 368.

In *Ford Motor Co.* v. *Automobile Ins. Co.,* 13 Fed. (2d) 415, it was said:

"It is, of course, clear that under the applicable provisions of the removal statute, section 28 of the Judicial Code (Comp. St., § 1010 [28 USCA, § 71]), this suit could not be removed from the State court to this court on the ground that it was based on diversity of citizenship, except 'by the defendant or defendants therein, being nonresidents of that State,' although such suit could be so removed if it were a 'suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States.'

"It is equally clear that, in determining whether a suit arises under the Constitution or laws of the United States, in the language of the Supreme Court in *Louisville & Nashville R. Co.* v. *Mottley,* 211 U. S. 149 (29 Sup. Ct. 42), 'it is the settled interpretation of these words, as used in this statute, conferring jurisdiction, that a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution.'"

In 54 C. J. p. 313, it is stated:

"In view of the provision of the removal act permitting removal, in the case of diversity, by a defendant or defendants 'being nonresidents' of the State where the suit is brought, it is held or recognized that notwithstanding the existence of diversity of citizenship the suit is not removable, for diversity, by a defendant who is a resident of the State where the suit is brought, even though the suit is otherwise removable as involving a separable controversy."

Citing, among other cases, *Patch* v. *Railroad Co.,* 207 U. S. 277 (28 Sup. Ct. 80, 12 Ann. Cas. 518). See, also, *Bryan* v. *Richardson,* 153 Mass. 157 (26 N. E. 435).

The circuit judge was not in error in refusing the requested removal.

The refusal to remove to the Federal court could only come here for review under an application here for a writ of certiorari or review by mandamus and allowance of such a review by this court and, therefore, the appeal, besides having no merit, is dismissed.

Plaintiff will recover costs, inclusive of a motion fee.

FEAD, C. J., and NORTH, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concur.