POPPENHAUSER *v.* INDIA-RUBBER COMB Co. and others.

*(Circuit Court, S. D. New York.   January 4, 1883.)*

1. CITIZENSHIP—CHANGE OF DOMICILE.

For the purposes of the jurisdiction of the court of the United States, domicile is the test of citizenship.   A person may be a resident alien, but cannot be a citizen of the state when he has abandoned his domicile there.

2. SAME—CASE STATED.

The defendant having removed this suit from the state court, the plaintiff moves to remand upon the ground that she was at the time of the commencement of the action, and now is, a citizen of the state of New York, where the defendants reside.   By the affidavit of the husband of the plaintiff in support of this motion, and another affidavit in the case, it appears that the plaintiff and her husband, a naturalized citizen of the United States, resided in the state of New York from 1859 to 1871; that in the latter year she removed with her husband to Hamburg, Germany, where she has since continuously resided, her husband having returned to this country occasionally on business.   *Held,* that though by reason of her husband's naturalization the plaintiff might be entitled to all the privileges of citizenship here, the practical inference from the facts as they appear in the affidavits is that she has changed her residence, and that the plaintiff's position is no better than that of a native-born citizen who has changed his domicile.   The suit was properly removed.

*W. Z. Larned,* for plaintiff.

*Abbett & Fuller,* for defendants.

WALLACE, C. J.    The defendants having removed this suit from the state court, the plaintiff moves to remand upon the ground that she was at the time of the commencement of the action, and now is, a citizen of the state of New York, the state where the defendants reside.    The affidavit upon which the motion is founded is made by Conrad Poppenhauser, the husband of the plaintiff, and states that he was a resident of the state of New York continuously from 1848

to 1871; that he was naturalized in 1848, and became, and has ever since been and now is, a citizen of the state and of the United States; that he and the plaintiff intermarried in 1859, and plaintiff came to this state with the deponent, and from that time resided with him continuously until 1871; that, although since 1871 he and the plaintiff have resided for the greater part of the time in Hamburg, Germany, he has frequently returned and spent considerable time here; that his future residence will depend much on the exigency of his business; and that neither he nor the plaintiff have in any way forfeited their rights as such citizens.

The plaintiff, by virtue of her husband's naturalization, may not be an alien, and may be entitled to all the privileges of citizenship, but the question is whether she was a resident of this state when the action was brought. Conceding that she was not an alien, if she was not a resident of the state the suit was properly removed. Her position is no better than that of a native-born citizen who may have changed his domicile. For the purposes of the jurisdiction of the courts of the United States, domicile is the test of citizenship. A person may be a resident alien, but cannot be a citizen of the state when he has abandoned his domicile there. *Case* v. *Clarke*, 5 Mason, 70; *Cooper* v. *Galbraith*, 3 Wash. C. C. 546; *Lanz* v. *Randall*, 4 Dill. 425.

Upon the moving affidavit of plaintiff's husband, the statement of facts is inconsistent with the legal inferences which are asserted. The facts that he left here in 1871 with his wife, and that she has never returned, although he has been here temporarily at times, are more indicative of an intention to abandon the domicile here than the occasional visits on his part are of retaining it. But among the papers in the record filed upon removal there is an affidavit of the plaintiff's husband, made for the purpose of obtaining an order in the course of proceedings in the state court, in which he distinctly states that both the plaintiff and himself reside at Hamburg, Germany. Of course the plaintiff's domicile is determined by that of her husband; but when it appears that for many years she has had a permanent abode at Hamburg, and he has lived there also, except when called away by the exigencies of business, the practical inference is that the place of her abode is also that of his domicile. It must be held that the plaintiff has failed to show that she was domiciled in this state when the action was commenced.

It is insisted, that one Koenig, who is named as a defendant, is a citizen of Germany, and that there is not a divisible controversy between citizens of different states. The fact that Koenig has not

been served with process, and therefore is not a party to the suit, disposes of this question. He may never be brought in. If he should be, it would seem that there is a controversy which is divisible, and can be litigated by the other parties without his presence. It matters not that there is another controversy involved in the issues to which he may be an indispensable party. *Barney* v. *Latham,* 103 U. S. 205. Motion denied.