# CASES

## ARGUED AND DETERMINED

### IN THE

# United States Circuit and District Courts.

---

CUDAHY et al. v. McGEOCH et al.

*(Circuit Court, E. D. Wisconsin. December 12, 1888.)*

REMOVAL OF CAUSES—ALIENS—SUIT IN STATE OF RESIDENCE.

An alien sued in the state of his residence by citizens of another state upon an ordinary debt cannot remove the action to the circuit court of the United States under the provisions of act Cong. March 3, 1887, authorizing removal of causes "by the defendant or defendants therein not being residents of that state," and also the removal of a cause in which there is a controversy "wholly between citizens of different states."

On motion to remand to state court.

*Shepard & Shepard*, for plaintiffs.

*Finches, Lynde & Miller*, for defendants.

GRESHAM, J. This suit was commenced in the circuit court of Milwaukee county to recover a debt due the plaintiffs from the defendants jointly, as copartners. The plaintiffs are citizens of Illinois, McGeoch is an alien residing in Wisconsin, and some, if not all, of the other defendants are citizens of Illinois. The suit was removed to this court on the application of McGeoch, who was, and still is, the only defendant served with process.

It is provided by a Wisconsin statute that in a suit on a joint contract against two or more defendants, when one or more, but not all, are served with process, judgment may be rendered in form against all, including the defendants not served, and bind the joint property of all, and the individual property of the defendant served. Rev. St. § 2884. A single controversy exists between the plaintiffs and McGeoch, and the case may proceed to trial and judgment against him, although his co-defendants are not before the court. Not being citizens of Wisconsin, the

v.37F.no.1—1

absent defendants may never be served with process, and, as the record now stands, they are not to be treated as parties.

Section 1 of the act of March 3, 1887, confers upon the circuit courts of the United States original jurisdiction (1) of suits arising under the constitution and laws of the United States, and treaties made in pursuance thereof; (2) of suits in which the United States are plaintiff; (3) of suits between citizens of different states; (4) of suits between citizens of the same state claiming lands under grants from different states; and (5) of suits between citizens of a state and foreign states, citizens and subjects. In suits of the first, second, third, and fifth classes the matter in dispute, exclusive of interest and costs, must exceed the sum or value of $2,000. So much of section 2 as calls for notice reads:

"That any suit of a civil nature, at law or in equity, arising under the constitution or laws of the United States, or treaties made or which shall be made under their authority, of which the circuit courts of the United States are given original jurisdiction by the preceding section, which may now be pending, or which may hereafter be brought in any state court, may be removed by the defendant or defendants therein to the circuit court of the United States for the proper district. Any other suit of a civil nature, at law or in equity, of which the circuit courts of the United States are given jurisdiction by the preceding section, and which are now pending, or which may hereafter be brought, in any state court, may be removed into the circuit court of the United States for the proper district, by the defendant or defendants therein, being non-residents of that state; and when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy, may remove said suit into the circuit court of the United States for the proper district."

This is not a suit arising under the constitution or laws of the United States. It is a suit between citizens of Illinois and an alien, and is not, therefore, a suit between citizens of different states; and if it were, when the jurisdiction depends upon the citizenship of the parties, the suit cannot be removed by a defendant who is sued in the district of his residence. It is not a suit between citizens of the same state claiming lands under grants from different states; and it is not a suit within the meaning of the third clause of the second section of the act, involving a controversy wholly between citizens of different states, and which can be fully determined as between them. That clause limits the right of removal to a citizen of a state who is sued out of the state of his residence, and who is one of two or more defendants in a suit involving two or more controversies, one of which is separable as between him and the plaintiffs. An alien who is sued in a state in which he resides, as here, is not authorized by the act of 1887 to remove the suit. The motion to remand is sustained.