### WALKER v. O'NEILL.

*(Circuit Court, D. Kentucky.  April 2, 1889.)*

1. REMOVAL OF CAUSES—RESIDENT ALIEN—PETITION.
    Under act March 3, 1887, § 2, providing for the removal of a cause by a defendant being a non-resident of the state, a defendant who is an alien is not entitled to a removal of a cause from a court of the state of which he is a resident, and a cause removed by an alien defendant will be remanded where it is not averred that he is a non-resident of the state.
2. SAME—JURISDICTION TO DETERMINE RIGHT TO REMOVAL.
    The federal court to which it is sought to remove a cause may pass upon the right to a removal.  The decision of the state court thereon is not conclusive.

On Motion to Remand.
Action by J. L. Walker against H. G. O'Neill.
*John Feland* and *Dodd & Grubbs,* for plaintiff.
*Brown, Humphrey & Davie,* for defendant.

BARR, J.   The plaintiff sued the defendant, who is an alien, in the Christian circuit court, and he filed his petition for a removal to this

court on the 3d day of May, 1888. The petition alleges that the defendant was, at the commencement of the suit against him, and still is, a subject of the kingdom of Great Britain and Ireland, and that the plaintiff was and is a citizen of the state of Kentucky, but fails to allege that the defendant is a non-resident of the state of Kentucky. The circuit court of Christian county adjudged the bond and the surety offered by the defendant sufficient, but decided that the petition for a removal of the action from that court was insufficient, and refused to order a transfer. The defendant has filed a transcript of the record, and the present motions raise the question whether the action is properly here.

The learned counsel of the plaintiff makes a quotation from the opinion of the supreme court in *Railway Co.* v. *Dunn*, 122 U. S. 513, 7 Sup. Ct. Rep. 1262, in which the court says:

"It [a removal petition] presents then to the state court a pure question of law, and that is whether, admitting the facts stated in the petition for removal to be true, it appears on the face of the record, which includes the petition and pleadings and proceedings down to that time, that the petitioner is entitled to a removal of the suit. That question the state court has the right to decide for itself."

—And he seems to assume the decision of the state court is conclusive upon this court, and the error, if error there be, can only be corrected by a superior state court or by the supreme court of the United States. But a careful reading of this opinion will show that court did not intend to decide that the judgment of a state court as to whether or not the allegations of a petition for removal were sufficient to give a right to remove a suit from a state court to a federal one precluded the federal court to which a removal was sought from deciding that question for itself. The effect of the decisions of the supreme court is to give to the United States circuit courts the exclusive jurisdiction to determine all issues of fact that may arise in removal proceedings, and to give these courts the right, concurrently with the state courts, to determine the right to a removal as a matter of law arising upon the face of the record itself. *Stone* v. *South Carolina*, 117 U. S. 430, 6 Sup. Ct. Rep. 799; *Railroad Co.* v. *Koontz*, 104 U. S. 5; *Railway Co.* v. *Dunn*, 122 U. S. 513, 7 Sup. Ct. Rep. 1262.

The act of March 3, 1887, which was the act in force when the removal proceedings were filed, did not, in terms, (as the act of August 13, 1888, did,) declare the second section of the act of March 3, 1875, repealed, but that act should be so construed. *Gavin* v. *Vance*, 33 Fed. Rep. 84. This section provides for the removal of suits from the state courts which arise under the constitution and laws of the United States, and under treaties made thereunder, and then it provides that "any other suit of a civil nature, at law or in equity, of which the circuit courts of the United States are given jurisdiction by the preceding section, and which are now pending or which may hereafter be brought in any state court, may be removed into the circuit court of the United States for the proper district by the defendant or defendants therein being non-residents of that state." The preceding section gives

the circuit court jurisdiction over controversies "between citizens of a state and foreign states, citizens, or subjects," and provides that "no person shall be arrested in one district for trial in another, in any civil action before a circuit or district court; and no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant." The defendant, if an alien and a resident of this district, could have been sued in this court by original process; but does not his residence in this district, if such be the fact, deprive him of the right to remove his suit to this court? The language is "being non-residents of that state," and this in express terms includes "any other suit of a civil nature, in law or in equity," than those which arise under the constitution and laws of the United States, or under treaties made thereunder. This construction deprives an alien of the right to have a removal of his suit from a state court into a federal court at all, except, perhaps, in the instance stated in *Cooley* v. *McArthur*, 35 Fed. Rep. 372, because, by the provisions of the first section, no original suit could be brought in the federal courts against an alien "in any other district than that whereof he is an inhabitant," and an alien, being an inhabitant of the district, and therefore not a non-resident, is deprived by the language of the second section from the right of removal from the state court of the state of which he is a resident. It is held in *Cooley* v. *McArthur*, *supra*, that an alien who is not a resident of the state in which he is sued may have a removal from a state court to the United States circuit court. This is because, as the court holds, the right to be sued only in the district in which he is an inhabitant is a personal privilege, and not a jurisdictional fact, and may be removed by the defendant alien. But the non-residency mentioned in the second section is a prerequisite to the right of removal from the state court, and, being this, no removal can be had, unless the non-residency exists. *Cudahy* v. *McGeoch*, 37 Fed. Rep. 1. The non-residency of the defendant in the state, being a requisite to the right of removal, should be alleged in the petition for removal. The result of this construction is to prevent an alien from being sued for debt in the federal courts, except in the district in which he is an inhabitant, unless he desires to waive his right; and, if sued in the state courts of the state of which he is a resident, he cannot have a removal to the federal court. It may be more in harmony with the comity between nations to allow an alien to be sued in the national courts wherever found, and to have given him the right of removal from state courts to the national courts, without regard to his inhabitancy or residence, but this argument should be addressed to the legislature, and not the judicial department of the government. Nor is the fact that there is no such limitation to the right of an alien to remove a suit from a state court, as herein indicated in the previous statutes, material, because the language of the act of 1789, and that of the act of 1875, is plainly and distinctly different from the language used in the act of March, 1887. The motion to remand is sustained.