## PURCELL *v.* BRITISH LAND & MORTGAGE Co., Limited.

*(Circuit Court, D. Kansas. May 16, 1890.)*

1. REMOVAL OF CAUSES—CITIZENSHIP—FOREIGN CORPORATION DEFENDANT.
    A corporation organized under the laws of a foreign country, and having its chief office there, does not become a resident of a state of the United States by doing business and having an office therein, so as to defeat its right to remove a case against it from the state to the federal court, under the act of 1888, (25 St. U. S. 434,) § 2, providing that an action brought in a state court may be removed to the circuit court of the United States "by the defendant or defendants therein, being non-residents of that state."

2. SAME—WAIVER.
    The court having jurisdiction of the subject-matter and the parties, the right of a defendant to object to being sued in a district of which he is not an inhabitant is personal to himself, and he may insist upon or waive that right as he chooses.

Motion to Remand to State Court.

*John E. Hessin, W. P. Douthitt,* and *Rankin Mason,* for plaintiff.
*Johnson, Martin & Keeler* and *T. S. Brown,* for defendant.

FOSTER, J.  This case was removed to this court from the district court of Riley county, on the application of the defendant, on the ground that it is a foreign corporation and non-resident of the state; and the plaintiff, who is a citizen of the state of Kansas, now moves for an order remanding the same to the state court.  The ground on which the motion is made is that the defendant is a resident of this state, and, therefore, not entitled to remove the cause.  The more formal manner of proceeding under a plea in abatement to the jurisdiction of the court is waived, and the matter submitted on motion and affidavits.  The facts as to the organization and business of the defendant company are briefly these:  It is a corporation organized under the laws of Great Britain and Ireland, with its head-quarters or chief office in London.  It is now engaged in loaning money on real and personal property in Kansas, with its place of business and office at Manhattan, and under charge of Stewart J. Hogg, a subject of Great Britain.  It has no other place of business in this country.  The first section of the act of 1888 (25 St. U. S. 434) confers jurisdiction on this court, as follows:

"That the circuit courts of the United States shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature, at common law or in equity, where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars, * * * in which there shall be * * * a controversy between citizens of a state and foreign states, citizens, or subjects. * * * And no civil suit shall be brought before either of said courts [circuit or district] against any person, by any original process or proceeding, in any other district than that whereof he is an inhabitant; but, where the jurisdiction is founded only on the fact that the action is between citizens of different states, suits shall be brought only in the district of the residence of either the plaintiff or the defendant."

In section 2 the second clause of the removal act reads as follows:

"Any other suit of a civil nature, at law or in equity, of which the circuit courts of the United States are given jurisdiction by the preceding section,

and which are now pending, or which may hereafter be brought, in any state court, may be removed into the circuit court of the United States for the proper district by the defendant or defendants therein, being non-residents of that state."

Under this provision the right of removal from the state court has two essential limitations: *First*, it must be a suit of which the circuit courts are given jurisdiction by the first section; *second*, the right of removal is limited to the defendant who is a non-resident of the state. This is an action of which the circuit courts are given jurisdiction, as it is a controversy between a citizen of Kansas and a citizen or subject of a foreign state. It has been judicially determined that for the purposes of jurisdiction a foreign corporation is a subject of the state under which it has its corporate existence. *Railroad Co.* v. *Letson,* 2 How. 497; *Terry* v. *Insurance Co.,* 3 Dill. 408. This being a suit between a citizen and an alien, and not between citizens of different states, the plaintiff insists, under the act of 1888, that it could not have been brought originally in this court unless the defendant is an inhabitant; in other words, that this court could have no original jurisdiction of this case unless the defendant is an inhabitant of this district; and, if it is an inhabitant, it cannot be a non-resident, and hence is not entitled to remove the case. This argument would be quite conclusive if the inhibition against bringing suit in any other district was jurisdictional; but it does not appear to be so, although in the early case of *Yuba Co.* v. *Mining Co.,* 32 Fed. Rep. 183, the court seems to favor that view. The clause giving jurisdiction precedes the clause fixing the *situs* of the suit, and is general in its terms, and irrespective of the locality where the suit shall be brought, and the removal clause says, "any other suit * * * of which the circuit courts of the United States are given jurisdiction by the preceding section;" not the circuit court of a particular district. The court having jurisdiction of the subject-matter and the parties, the right to object to being sued in any other district is personal to the defendant, and he may object or waive it as he chooses. *Zambrino* v. *Railroad Co.,* 38 Fed. Rep. 450; *Cooley* v. *McArthur,* 35 Fed. Rep. 372; *Meyer* v. *Herrera,* 41 Fed. Rep. 65; *Ex parte Schollenberger,* 96 U. S. 369. The matter of residence or inhabitancy is largely a matter of intention. A person may live but a day in a certain locality, and be an inhabitant or resident; while he might live there many days, and become neither. The intentions of parties are not always apparent to the world, but the party himself may concede inhabitancy by simply being found in the district.

The question, then, to be determined on this motion is whether the defendant is a resident or a non-resident of this state, within the meaning of the removal act. The use of the word "non-resident" in the act of congress is somewhat perplexing. If it means non-citizenship of the state, the question here involved has been repeatedly adjudicated, for a corporation for judicial purposes is conclusively presumed to be a citizen of the state or country under the laws of which it is created. *Railroad Co.* v. *Koontz,* 104 U. S. 12. In this case Mr. Chief Justice WAITE, speaking for the court, uses the following language:

"A corporation, therefore, created by and organized under the laws of a particular state, and having its principal office there, is, under the constitution and laws, for the purpose of suing and being sued, a citizen of that state, possessing all the rights and having all the powers its charter confers. It cannot migrate nor change its residence without the consent, express or implied, of its state, but it may transact business wherever its charter allows, unless prohibited by local laws. Such has been for a long time the settled doctrine of this court. 'It must dwell in the place of its creation, and cannot migrate to another sovereignty.'"

*Steam-Ship Co.* v. *Tugman*, 106 U. S. 118, 1 Sup. Ct. Rep. 58; *Railroad Co.* v. *Letson, supra*; *Railroad Co.* v. *Harris*, 12 Wall. 65; *Terry* v. *Insurance Co., supra.* The cases on this subject are legion, but it is too familiar to require further citations. It is very doubtful whether the term "non-resident" is used in the removal act in any different sense than that of "non-citizenship." In that sense it would be in harmony with antecedent legislation on this subject. In that sense the single compound word "non-resident" would include the right of removal to defendants, whether citizens of another state or citizens or subjects of a foreign state. It has been repeatedly decided that the words "citizen" and "resident" are not synonymous terms. *Parker* v. *Overman*, 18 How. 137. So, a citizen of a state may be a non-resident of the state; but no one would seriously contend that a non-resident citizen of a state, when sued in the courts of his own state by a citizen of another state for over $2,000, could remove the case to the United States court on the ground of diverse citizenship. And yet a literal and restricted following of the term "non-resident" must lead to such a result; for, certainly, the case is one of which the circuit courts of the United States are given jurisdiction, and the defendant is a non-resident of the state. The use of the terms "inhabitant" in the first, and "non-resident" in the second, section of the act of 1888, are exceedingly perplexing, as applied to foreign corporations; and the more I study on it the more I am convinced that there is but one rational solution of this question, and that is to return to the old, fixed landmarks, and apply the rule enunciated by the authorities before cited. A corporation is a citizen or subject of the state under whose laws it is created, and it does not become a resident of another state by doing business therein, so as to deprive it of the right to remove its case from the state to the federal court under the act of 1888. *Fales* v. *Railway Co.*, 32 Fed. Rep. 675.

I reach this conclusion after full consideration of the *Case of Zambrino, supra.* In that case the railway company was a citizen of Texas, with its principal office in the eastern district of that state, and it was sued in the western district, where it also operated its road. The only question was whether it was an inhabitant of the western district so as to make it liable to be sued in that district. Judge MAXEY held it was; and again, in *Scott* v. *Cattle Co.*, 41 Fed. Rep. 225, the same court applied the rule to a foreign corporation doing business in Texas. In *Riddle* v. *Railroad Co.*, 39 Fed. Rep. 290, the circuit court of Pennsylvania followed the rule laid down in the *Zambrino Case.* With the question involved in those cases, I am not now dealing. It is not improbable that a citizen-

of one state or country, whether an individual or a corporation, may at the same time be an inhabitant of another state or country, and, as such, subject to be sued in the federal courts. What I do hold in this case is simply this: that it was not the purpose of the removal act to make the question of residency, if the defendant corporation could acquire a residence here, override that of citizenship. If so, it is inconsistent with all former legislation and the constitution itself, and leads to the absurdity of allowing a citizen temporarily non-resident, and sued in the courts of his own state by a citizen of another state, to remove the case to the federal court, which he could not do if residing in his own state. *Mills* v. *Newell*, 41 Fed. Rep. 529. The motion to remand this case to the state court must be overruled.