## EDDY v. CASAS.

(Circuit Court, W. D. Texas, El Paso Division. November 6, 1902.)

### No. 335.

1. REMOVAL OF CAUSES—ALIENAGE OF DEFENDANT—NECESSITY OF NONRESI-
DENCE.

   A suit by a citizen of the United States against a citizen of a foreign country residing in the state in which the suit is brought is not removable by the defendant, on the ground of his alienage, under the second clause of section 2 of the judiciary act of 1887 (24 Stat. 552), corrected in 1888 (25 Stat. 434), nonresidence being a prerequisite to the right of removal thereunder.

At Law.   On motion to remand to state court.

The plaintiff, J. A. Eddy, a citizen of Texas, acting for himself and as trustee for others, originally instituted a suit of trespass to try title in the district court of El Paso county, Tex., against the defendant, a citizen of Mexico, to recover certain real estate in the city of El Paso of the estimated value of $12,000. The defendant seasonably filed in the state court a petition and bond to remove the cause to this court. In the petition for removal it is alleged that the defendant is a citizen and subject of the republic of Mexico, but there is no allegation in respect of his residence. His counsel, however, admitted in open court that he was at the time of filing the original petition, and still remains, a resident of this state. The record was duly filed in this court, and plaintiff has submitted a motion to remand the cause, on the ground, among others, that the defendant is not entitled to remove the same to this court because he is a resident of Texas.

Edwards & Edwards, Beall & Kemp, and Patterson & Buckler, for plaintiff.

Jay Goode and Thurmond & Russell, for defendant.

MAXEY, District Judge.   Several questions are suggested by the motion to remand, but the court deems it unnecessary to consider any save the following:   Is a suit of this nature, instituted in the state court by a citizen of Texas against a citizen of Mexico residing in this state, removable by the resident defendant into the circuit court of the United States?   The controversy here involves no federal question, and hence it is not claimed that the suit is removable under the first clause of the second section of the act of March 3, 1887 (24 Stat. 552), as corrected by the act of August 13, 1888 (25 Stat. 434).   But the contention is that the defendant is entitled to remove it under the second clause of section 2, which reads as follows:

"Any other suit of a civil nature, at law or in equity, of which the circuit courts of the United States are given jurisdiction by the preceding section, and which are now pending, or which may hereafter be brought, in any state court, may be removed into the circuit court of the United States for the proper district, by the defendant or defendants therein, being non-residents of that state."   25 Stat. 434.

That, under the act of March 3, 1875, a like cause was removable, there is no doubt; as that act, in "a controversy between citizens of a state and foreign states, citizens or subjects," permitted either party to remove the suit.   18 Stat. 470, 471.   And either plaintiff or defendant was entitled to remove, without reference to the question of residence, and notwithstanding the suit was one of which the circuit

courts might not have had original jurisdiction. "But the second section of the act of 1887 (as corrected in 1888)," said the supreme court in Railroad Co. v. Davidson, 157 U. S. 208, 15 Sup. Ct. 565, 39 L. Ed. 672, "contained a radical difference from section 12 of the act of 1789 (1 Stat. 78) and section 2 of the act of 1875, in confining the suits which might be removed to those of which the circuit courts of the United States are given original jurisdiction by the preceding section." On the same page it was further said:

"We must hold, therefore, as has indeed already been ruled (Tennessee v. Union & Planters' Bank, 152 U. S. 454, 461, 14 Sup. Ct. 654, 38 L. Ed. 511), that the jurisdiction of the circuit courts, on removal by the defendant, under this section, is limited to such suits as might have been brought in this court by the plaintiff under the first section."

From an examination of the second clause of section 2 of the act above quoted, it will be seen that two restrictions or limitations are thereby attached to the right of removal: (1) The suits are limited to those of which the circuit courts are given original jurisdiction by the first section of the act; and (2) the right is expressly restricted to the nonresident defendant. Without reproducing the first section of the act, it is only necessary to say that a suit between a citizen of a state and an alien is one of which the circuit courts have, by virtue of that section, original jurisdiction. Employing the language of the supreme court:

"Such a person or corporation (referring to aliens) may be sued by a citizen of a state of the Union in any district in which valid service can be made upon the defendant."

In re Hohorst, 150 U. S. 662, 14 Sup. Ct. 225, 37 L. Ed. 1211; Steamship Co. v. Kane, 170 U. S. 100, 18 Sup. Ct. 526, 42 L. Ed. 964; Railroad Co. v. Gonzales, 151 U. S. 496, 14 Sup. Ct. 401, 38 L. Ed. 248. As to the second limitation, it has been uniformly held, so far as the court is advised, that the nonresidence of the defendant is a prerequisite to the right of removal. Bank v. Smith, 19 C. C. A. 42, 72 Fed. 568; Thurber v. Miller, 14 C. C. A. 432, 67 Fed. 371; Walker v. O'Neill (C. C.) 38 Fed. 374; Cudahy v. McGeoch (C. C.) 37 Fed. 2; Gavin v. Vance (C. C.) 33 Fed. 87; Freeman v. Butler (C. C.) 39 Fed. 1. Other authorities might be cited, but it is deemed useless to multiply them, in view of the plain and unambiguous language of the statute. The defendant, being a resident of this state, although a citizen of the republic of Mexico, is precluded from removing the suit under the second clause of section 2 of the act of August 13, 1888. And as the remaining provisions of that section are inapplicable to the present record, it follows that the motion to remand should be sustained, and it is so ordered.

NOTE BY THE COURT. In the case of Scott v. Cattle Co., 41 Fed. 225, a ruling was made by this court similar to the one above announced. The decision in that case, however, was erroneous to the extent of holding that the defendant, which was a corporation chartered by the laws of Great Britain, was a resident of Texas. In cases which arose subsequent to the decision of Scott's Case, it was held by the supreme court that "the domicile, the home, the habitat, the residence,

the citizenship of a corporation, could only be in the state by which it was created, although it might do business in other states whose laws permitted it." Railroad Co. v. Gonzales, 151 U. S. 501, 502, 14 Sup. Ct. 403, 38 L. Ed. 248; Shaw v. Mining Co., 145 U. S. 444, 12 Sup. Ct. 935, 36 L. Ed. 768; Southern Pac. Co. v. Denton, 146 U. S. 202, 13 Sup. Ct. 44, 36 L. Ed. 377.