ANDERSON et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. February 3, 1913.)

No. 2,082.

1. PUBLIC LANDS (§ 120*)—HOMESTEAD—FEMALE CLAIMANT—RESIDENCE—FORFEITURE.

Where, after entry of a homestead by a single woman, she married the entryman of the adjoining claim, and from the time of her marriage until her final proof lived with her husband on his claim, and never returned to or resided on her own as a homestead, though it was improved and cultivated in connection with the claim of her husband, her proof of residence was false, and the claim subject to forfeiture.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 332–335; Dec. Dig. § 120.*]

2. DOMICILE (§ 5*)—RESIDENCE OF HUSBAND—RESIDENCE OF WIFE.

A husband's residence is in law the residence of his wife.

[Ed. Note.—For other cases, see Domicile, Cent. Dig. §§ 24–35; Dec. Dig. § 5.*]

———————

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. PUBLIC LANDS (§ 30*)—HOMESTEAD—ENTRY—HUSBAND AND WIFE.
    The homestead law neither permits nor contemplates that both husband and wife shall take advantage thereof.
    [Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 48–50; Dec. Dig. § 30.*]

Appeal from the Circuit Court of the United States for the District of Oregon; Robert S. Bean, Judge.

Suit by the United States against Jessie M. Anderson and another. Judgment for plaintiff, and defendants appeal. Affirmed.

Emmons & Webster, of Portland, Or., for appellants.

John McCourt, U. S. Atty., and Walter H. Evans, Asst. U. S. Atty., both of Portland, Or.

Before GILBERT, ROSS, and MORROW, Circuit Judges

ROSS, Circuit Judge. The government prevailed in this suit, brought by it for cancellation of a patent issued by it for a certain tract of land situate in Klamath county, state of Oregon, which was filed upon in September, 1898, by the appellant Jessie M. Wight, then a single woman, Jessie M. Anderson.

[1] The ground of the suit was the alleged falsity in the proof of the applicant in respect to her alleged residence upon the land for the period required by the statutes under which her filing was made. The court below found that within a few days after her filing she married the appellant William Wight, who lived on adjoining government land under a pre-emption and timber culture claim, one of which claims, embracing his residence, he subsequently changed to a homestead claim, which the record shows he never abandoned. The trial court found that, from the time of her marriage until the date of her final proof, the appellant Jessie M. Wight lived with her husband on his claim, and never resided upon the tract claimed by her as a homestead, although the latter was improved and cultivated by her in connection with the claim of her husband. A careful consideration of the evidence satisfies us that the court below was justified in that conclusion, and that the occasional visits that she made to her claim, and the money expended by her in the improvement thereof, did not answer the five years' continuous residence required by the statutes.

[2, 3] Moreover, the husband's residence is in law the residence of the wife, and the homestead law neither permits nor contemplates that both husband and wife shall take advantage of its provisions.

The judgment is affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes