654

## HONOLULU OIL CORPORATION, Limited, v. PATRICK.

### No. 7318.

Circuit Court of Appeals, Ninth Circuit.

June 11, 1934.

Morrison, Hohfeld, Foerster, Shuman & Clark and J. F. Shuman, all of San Francisco, Cal., for appellant.

George Olshausen, of San Francisco, Cal., for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and NORCROSS, District Judge.

SAWTELLE, Circuit Judge.

June 5, 1933, appellee brought an action in personam in the state court against the Honolulu Oil Corporation, Limited, alleging that he had been employed by that company as an accountant at a salary of $300 per month; that the employment was to continue as long as his work was satisfactory; and that he was discharged without cause, to his damage in the sum of $30,000. The case was removed to the United States District Court by the Oil Company on the ground of diversity of citizenship, and is still pending there. After removal, appellee brought a second action in the state court against the Oil Company, stating the same cause of action, but reducing the damages claimed to $2,500, and joining as defendants with the Oil Company two of its officers, namely, A. C. Mattei and A. C. Dieriex. Because of the absence of diversity of citizenship between the litigants and lack of jurisdictional amount, the second case cannot be removed to the federal court.

Upon the filing of the second action, the Oil Company, appellant herein, instituted in the court below a suit in equity to enjoin appellee from proceeding further with the second action filed in the state court, upon the theory that the United States District Court had exclusive jurisdiction by reason of the pendency of the first case in that court, since the cause of action in both cases was the same. The injunction was denied and the suit dismissed for want of equity; followed by this appeal.

We are of opinion that the suit was properly dismissed under the rule announced by the Supreme Court in Kline v. Burke Const. Co., 260 U. S. 226, 43 S. Ct. 79, 81, 67 L. Ed. 226, 24 A. L. R. 1077, where it was held that a subsequent state suit did not interfere with a previous federal suit on the same cause of action, the action being in personam (as the case at bar), and the custody of specific property not being involved. The facts of the Kline Case are as follows: The Construction Company brought an action at law for breach of contract in the federal court against Kline and others. The jury disagreed. Subsequent to the commencement of that action, Kline brought a suit in equity in the state court against the Construction Company and the sureties on its contract, alleging breach of contract. To the action brought by the Construction Company in the federal court, Kline filed an answer and cross-complaint setting up substantially the same matters set forth in the bill brought in the state court. To the equity suit brought by Kline in the state court, the Construction Company filed an answer and cross-complaint setting up the matters charged in its action at law filed in the federal court. The two cases presented substantially the same issues, the only differences being the addition of the sureties as parties defendant in the equity suit. Both actions were in personam, the relief sought being a money judgment.

Upon petition of the Construction Company, and on the ground of diversity of citizenship, the equity suit was removed to the federal court. Upon motion of Kline, the

suit was remanded to the state court. After the mistrial of the action at law in the federal court, the Construction Company sought to enjoin Kline from further prosecuting the equity suit in the state court. The United States District Court denied the injunction, but that ruling was reversed by the Circuit Court of Appeals. 271 F. 605. In reversing the decision of the Circuit Court of Appeals, the Supreme Court said:

"It is settled that where a federal court has first acquired jurisdiction of the subject-matter of a cause, it may enjoin the parties from proceeding in a state court of concurrent jurisdiction where the effect of the action would be to defeat or impair the jurisdiction of the federal court. Where the action is in rem the effect is to draw to the federal court the possession or control, actual or potential, of the res, and the exercise by the state court of jurisdiction over the same res necessarily impairs, and may defeat, the jurisdiction of the federal court already attached. The converse of the rule is equally true, that where the jurisdiction of the state court has first attached, the federal court is precluded from exercising its jurisdiction over the same res to defeat or impair the state court's jurisdiction. * * *

"But a controversy is not a thing, and a controversy over a mere question of personal liability does not involve the possession or control of a thing, and an action brought to enforce such a liability does not tend to impair or defeat the jurisdiction of the court in which a prior action for the same cause is pending. Each court is free to proceed in its own way and in its own time, without reference to the proceedings in the other court. Whenever a judgment is rendered in one of the courts and pleaded in the other, the effect of that judgment is to be determined by the application of the principles of res adjudicata by the court in which the action is still pending in the orderly exercise of its jurisdiction, as it would determine any other question of fact or law arising in the progress of the case. The rule, therefore, has become generally established that where the action first brought is in personam and seeks only a personal judgment, another action for the same cause in another jurisdiction is not precluded. [Citing cases.] * * *

"The Construction Company, however, had the undoubted right under the statute to invoke the jurisdiction of the federal court and that court was bound to take the case and proceed to judgment. It could not abdicate its authority or duty in favor of the state jurisdiction. [Citing cases.] But, while this is true, it is likewise true that the state court had jurisdiction of the suit instituted by petitioners. Indeed, since the case presented by that suit was such as to preclude its removal to the federal jurisdiction, the state jurisdiction in that particular suit was exclusive. It was, therefore, equally the duty of the state court to take the case and proceed to judgment. There can be no question of judicial supremacy, or of superiority of individual right. The well-established rule, to which we have referred, that where the action is one in rem that court—whether state or federal—which first acquires jurisdiction draws to itself the exclusive authority to control and dispose of the res, involves the conclusion that the rights of the litigants to invoke the jurisdiction of the respective courts are of equal rank. [Citing cases.] The rank and authority of the courts are equal, but both courts cannot possess or control the same thing at the same time, and any attempt to do so would result in unseemly conflict. The rule, therefore, that the court first acquiring jurisdiction shall proceed without interference from a court of the other jurisdiction is a rule of right and of law based upon necessity, and where the necessity, actual or potential, does not exist the rule does not apply. Since that necessity does exist in actions in rem and does not exist in actions in personam, involving a question of personal liability only, the rule applies in the former but does not apply in the latter."

We see no reason why the rule of the Kline Case should not be applied to the case at bar. Appellee seeks only a personal judgment, and the prosecution in the state court of his asserted right will not "tend to impair or defeat the jurisdiction of the [federal] court in which [his] prior action for the same cause is pending." Kline Case, supra.

It is true that the case at bar was commenced in the state court and subsequently removed to the federal court, whereas in the Kline Case the previously pending suit had been begun in the federal court. But the removal statute (28 USCA § 72) provides that, after removal, "the cause shall then proceed in the same manner as if it had been originally commenced in the said district court." And as said in Stewart Land Co. v. Arthur (C. C. A. 8) 267 F. 184, 185, cited with approval in the Kline Case: "The pendency of two or more such [personal] actions between the same parties upon the same causes of action in different jurisdictions gives to the court in which the first was

brought no power to enjoin the prosecution of the others."

In that case, the plaintiff had brought an action in the federal court seeking to recover from defendant upon certain negotiable instruments. Thereafter plaintiff brought a similar action in the state court. An injunction was sought against the latter action, and, as we have indicated, it was denied.

We conclude therefore that the filing of appellee's second action in the state court does not interfere with the progress of the first, or tend to impair or defeat the jurisdiction of the federal court to which the first action has been removed, and that there is no ground for an injunction staying proceedings in the second action filed in the state court.

Affirmed.