## PRINCE v. NEW YORK LIFE INS. CO.
### (two cases).
### Nos. 6864, 6865.

District Court, D. Massachusetts.

June 22, 1938.

Friedman, Atherton, King & Turner, of Boston, Mass., for plaintiff.

F. H. Nash and Bailey Aldrich, both of Boston, Mass., for defendant.

BREWSTER, District Judge.

These actions, removed from the State court, are before this court on plaintiff's motions to remand. Plaintiff contends that this court is without jurisdiction inasmuch as there is no diversity of citizenship. In one case, plaintiff sues in her capacity as administratrix, but since, in such an action, the citizenship of the administratrix controls (Mecom v. Fitzsimmons Co., 284 U.S. 183, 52 S.Ct. 84, 76 L.Ed. 233, 77 A.L.R. 904), the same issue is presented in both cases. That issue is whether on September 9, 1936, when the actions were commenced, the plaintiff was a citizen of New York State. If so, there was no diversity of citizenship.

Plaintiff is a married woman, and her citizenship is that of her husband. Anderson v. United States, 9 Cir., 202 F. 200; Mason v. Homer, 105 Mass. 116.

Citizenship as between the states depends upon domicile. In re Sedgwick, D.C., 223 F. 655; Poppenhauser v. India-Rubber Comb Co., C.C., 14 F. 707; Colorado Central Mining Co. v. Turck, 150 U.S. 138, 14 S.Ct. 35, 37 L.Ed. 1030; Steidle v. Reading Co., 3 Cir., 24 F.2d 299, 301.

The question to be considered, therefore, is whether Edward G. Prince, plaintiff's husband, was domiciled in the State of New York in September, 1936. The motions were supported by depositions taken on behalf of plaintiff from which I find the following pertinent facts:

Mr. Prince was born and his home was in New Haven, Connecticut, until he grad-

uated from Harvard Business School in 1927. He then secured employment in Massachusetts where he resided until December, 1935, with the exception of about a year in Wisconsin. In December, 1935, both plaintiff and Mr. Prince were employed in Massachusetts, and I find that they both then had an established domicile in Massachusetts. On December 31, 1935, both resigned their positions here. They were married in New York on January 2, 1936, and went to Florida where Mr. Prince met, in February, 1936, executives of Gimbel Bros., owners of a department store in New York. As a result of this meeting, Mr. Prince entered the employ of Gimbel Bros. early in April, 1936. The work which he first undertook was of a somewhat temporary character, but his employment by Gimbel Bros. was much more than temporary. It would require residence in New York for an indefinite period, and possibly a permanent residence unless his work should take him to other states. There was no likelihood, or expectation, that he would return to Massachusetts, as Gimbel Bros. operated no stores here. I find that on or before April, 1936, both plaintiff and her husband had given up any intention of returning to Massachusetts. With slight exceptions, which on the facts disclosed are without significance, they had no property in, and no ties that would call either of them back to, Massachusetts.

For six months prior to these actions, they resided continuously in New York State, living in apartment hotels in New York City and in Westchester County in the State of New York.

About the middle of October, 1936, Mr. Prince moved to Wisconsin, where he was given a position with a Gimbel store in Milwaukee. It was not until after the first of October that he first anticipated any change of residence from New York to Wisconsin.

This court, in Leave v. Boston Elevated Ry. Co., D.C., 14 F.Supp. 775, at page 776, said, "In order to acquire a domicile of choice, a person must establish a new dwelling place with the intention of making it his home. Restatement of Conflict of Laws, § 15. Two things must concur; there must be physical presence at the new dwelling place, and there must be a present intention to reside there permanently or indefinitely, without any certain purpose to return to a former place of abode." Citing Gilbert v. David, 235 U.S. 561, 35 S.Ct. 164, 59 L.Ed. 360, and other cases.

On the facts of the case at bar, this test is fully met. There was physical presence of plaintiff and her husband in New York, a present intention of making New York their home for an indefinite time if not permanently, and this without a certain purpose to return to Massachusetts. The single fact that Mr. Prince had not selected a settled place of abode in New York State did not prevent him from acquiring a new domicile of choice in that state. Winans v. Winans, 205 Mass. 388, 91 N.E. 394, 28 L.R.A. N.S., 992; Marks v. Marks, C.C., 75 F. 321; Stockyards National Bank of South Omaha v. Bragg, 8 Cir., 293 F. 879, nor did the possibility that he might later move to another state.

Granite Trading Corporation v. Harris, 4 Cir., 80 F.2d 174.

In Ennis v. Smith, 14 How. 400, 14 L. Ed. 472, the court made this observation (page 423), "But when there is a removal, unless it can be shown or inferred from circumstances that it was for some particular purpose, expected to be only of a temporary nature, or in the exercise of some particular profession, office, or calling, it does change the domicil. The result is, that the place of residence is prima facie the domicil, unless there be some motive for that residence not inconsistent with a clearly established intention to retain a permanent residence in another place."

My conclusion on the facts and the law is that plaintiff was a citizen of New York when these actions were brought and that this court has no jurisdiction to entertain them.

Plaintiff's motions to remand are allowed.