### KINSEL et ux. v. PICKENS.
### No. 2084.

District Court, W. D. Texas,
San Antonio Division.
Nov. 10, 1938.

Carter & Lewis, of San Antonio, Tex., for plaintiffs.

William H. Russell, of San Antonio, Tex., for defendant.

McMILLAN, District Judge.

Plaintiffs move to remand this cause, first because there is no diversity of citizenship, and second, allowing the citizenship to be diverse, the defendant is not a nonresident.

 The fact is that the defendant, being an officer in the United States Army, stationed here in line of duty, may be here for several years and he may, without the slightest volition upon his part, be transferred to some other post tomorrow. During such time as he has been here, his family has been with him and he has lived in a rented house, money for which is provided by the Government by way of commutation of quarters. At the time he entered the army, he was a citizen of Ohio.

While probably he could acquire a new domicile, still the intention to do so must be shown by the clearest and most unequivocal proof. Gallagher v. Gallagher, Tex. Civ.App., 214 S.W. 516; Morehouse v. Morehouse, Tex.Civ.App., 111 S.W.2d 831; Ex parte White, D.C., 228 F. 88. There is nothing here to indicate that this man has taken any steps which would acquire him a new citizenship.

■ Accordingly, the Court finds no difficulty in determining that he was, at the time of the filing of the suit, and of the petition for removal, a citizen of Ohio and diversity of citizenship exists.

The second question occasions more trouble. The statute substantially provides for removal of any case pending in a state court of which the District Courts of the United States are given jurisdiction, the defendant or defendants "being non-residents of that state". Plaintiffs contend that the arbitrary fact that the defendant is living here in the course of the discharge of his duties as an army officer constitutes him a resident within the purview of the removal statute and the question of citizenship is immaterial.

On the naked question as to whether residence or citizenship prevails, the courts have not been in harmony. However, the inclination seems to have been to treat the words interchangeably. Dobie, in his work on Federal Procedure, Section 93, page 365, says: "The use of the words 'resident', 'nonresident' or 'inhabitant' in important statutes is always unfortunate, unless the statute makes it quite clear whether residence or domicile (which may and should have quite different meanings) is really meant. In this second sentence of section 28 of the Judicial Code (28 U.S.C.A. Sec. 71) the removing defendant or defendants must be 'nonresidents of that state' (the state in which the suit is brought). Does this mean residence or domicile, as those words are technically used? It is believed, though the contrary has been held, that as to individuals the expression means domi-

cile, and that a citizen of Virginia (a citizen of the United States domiciled in Virginia), sued by a citizen of Maryland in a Maryland state court, may remove the case to the federal District Court, though he may be a resident of Maryland." The same rule is substantially announced by the Cyclopaedia of Federal Procedure, Volume I, page 911.

■ It would certainly appear that residence of a temporary character should not be construed to deprive one of the right to remove, the other requisites existing. If the residence was of such kind as to evidence a permanent and fixed intention to remain, such as that mentioned in some of the cases cited by plaintiffs, then it would seem to have ripened into citizenship and the question would, accordingly, pass out of the case.

■ I am, therefore, of the opinion that mere residence, unless it has taken on such character as to effect a change of domicile, would not prevent removal, the other statutory requisites being present.

■ However, if there be any question as to this proposition, the Court is of the opinion that the residence spoken of in the statute could not possibly be of the character existing in this case. This man's location here is dependent entirely upon the will of others. He came here under orders and he will leave under orders. Any intention that he may have in the matter must necessarily be qualified by the will of others superior to him in rank. Under the evidence, it will be quite a number of years before he is entitled to retire. In the meantime, he has practically no volition of his own with regard to where he will reside. To hold him to be a resident of Texas within the purview of the removal statutes under those circumstances would be entirely outside the purpose and spirit of the law. The case is properly removed and the motion to remand will be overruled. The parties may prepare a proper order and submit it for entry.