**WISE et al. v. BOLSTER et al.**
**No. 117.**

District Court, W. D. Washington, N. D.
Dec. 29, 1939.

On Rehearing Jan. 29, 1940.

Allan Trumbull, of Port Townsend, Wash., for plaintiffs.

Robert W. Maxwell, of Seattle, Wash., for defendants.

BOWEN, District Judge.

1. Referring first to the plaintiffs' contention that defendants have waived their right of removal, the rule is that merely filing an answer or doing nothing more than to make an appearance in the state court before the expiration of the time for removal does not waive that right nor prevent the defendant later within the time otherwise allowed from filing a petition for removal. Simkins Federal Practice (1934 Edition) page 1012, sec. 1142; 54 C.J. 210, 211, secs. 5, 6. Where a defendant filed at the same time a demurrer to the complaint in the state court and his petition for removal of the action therefrom to the federal court, it has been held that he did not by such demurrer subject himself to the jurisdiction of the state court, nor waive his right of removal therefrom. State Improvement-Development Co. v. Leininger, D.C., 226 F. 884. If defendant does nothing inconsistent with the continuation of his desire to remove he does not waive such right.

In the second state court action involving an additional defendant and ad-

ditional issues, the defendants here are not seeking to remove, and what they did in that case is not important on the removal question in this case which was the first state court action. In the case at bar, the only parties joined as defendants prior to the timely filing of removal proceedings were the removing defendants husband and wife, and nothing other than the filing of removal papers was done by them in the state court in this case prior to plaintiffs' attempt to dismiss it, except after such filing to move for change of judge to hear the cause. Thereafter nothing was done by the state court at defendants' instance except to act upon the question of removal. They did nothing inconsistent with the continuation of their desire to remove, and there was no waiver of their right to do so.

The addition by plaintiffs of a third party defendant and plaintiffs' attempt to dismiss in the state court after the filing there of the removal proceedings are unavailing to defeat removal, because after such filing the state court was without power to proceed further in the cause. 28 U.S.C.A. § 72; Queensboro National Bank v. Kelly, D.C., 15 F.2d 395.

2. Citizenship of defendant Cecil Bolster.

Citizenship as between the states depends upon domicile as respects jurisdiction of the federal court. Prince v. New York Life Ins. Co., D.C., 24 F.Supp. 41.

"The domicile of a soldier or sailor in the military or naval service of his country generally remains unchanged, domicile being neither gained nor lost by being temporarily stationed in the line of duty at a particular place, even for a period of years. A new domicile may, however, be acquired if both the fact and the intent concur." 19 C.J. 418.

In Ex parte White, D.C., 228 F. 88, where an officer in the United States Army stationed at Fort Stark in New Hampshire, with a parental domicile in New York where he returned at the expiration of each term of enlistment and where after the death of his parents he had rooms with his sisters, although he was married to a New Hampshire woman, maintained an apartment home for himself and wife in the City of Portsmouth because of lack of living facilities at the Fort and spent several nights a week at his apartment home, it was held that he was not an inhabitant of New Hampshire nor liable as such to pay a poll tax there because he was not domiciled in New Hampshire.

In Sealey v. United States, D.C., 7 F. Supp. 434, where a sailor born and reared in Virginia, from the time he was married in 1909 until some time in 1913 when he was transferred on duty away from Virginia, resided with his wife in Virginia when he was ashore and apparently regarded Virginia as his home, and after he was ordered away on duty from Virginia he continued to correspond with his wife and visit her in Virginia when on leave from his vessel, and a son was born of his Virginia marriage in 1915, and he regularly thereafter contributed to the son's support, although while stationed at Philadelphia, Pennsylvania, after 1913 he celebrated a pretended marriage with a second wife and lived with her thereafter as her husband and to which second wife was paid in part his war risk insurance upon his death, it was held that his domicile continued in Virginia.

In Kinsel v. Pickens, D.C., 25 F.Supp. 455, it was held that as respects the question whether an action commenced in a Texas state court against an army officer stationed in Texas in the line of duty was removable to the federal court, the officer who had been a citizen of Ohio at the time he entered the army was a citizen of Ohio and the requisite diversity of citizenship existed at the time of filing of suit and the petition for removal, in the absence of a showing that the officer had taken steps by which he would acquire new citizenship.

The rule of the Supreme Court of this state as announced in Kankelborg v. Kankelborg, 199 Wash. 259, 90 P.2d 1018, is in harmony with the above-cited cases.

In this case defendant Cecil Bolster enlisted from Iowa, and upon the occasions of two re-enlistments he stated his residence to be in that state. He and his wife say under oath they intend to return to Iowa to live when Cecil Bolster is discharged from his army service. All that Cecil Bolster personally is shown to have done which might be claimed as tending to negative his Iowa citizenship are his stating in his marriage papers that his residence is in Washington, his procuring a Washington automobile license and his maintaining a home for himself and wife off the military post in Washington. Those

acts when done by an enlisted man in the army are as consistent with non-citizenship as with citizenship in this state. There is no evidence nor contention that Cecil Bolster has ever voted in Washington or has otherwise exercised any rights peculiar to the existence of his citizenship here. In view of the facts and law above noted concerning his citizenship, this court is of the opinion and finds that he is a citizen of Iowa.

■ 3. Citizenship of defendant Helene Williams Bolster.

In Poppenhauser v. India-Rubber Comb Co., C.C., 14 F. 707, it was held that domicile is the test of citizenship and that the wife's domicile is determined by that of her husband so far as removability from a state to a federal court is concerned. The same rule was announced in the more recent case of Prince v. New York Life Ins. Co., D.C., 24 F.Supp. 41, and there seems to be no exception to it when the husband and wife are living together as in the case at bar.

That the wife's domicile is the same as that of the husband is the rule also of the 9th Circuit Court of Appeals. That court in Tsoi Sim v. United States, 9 Cir., 116 F. 920, at 923, said: " * * * That the domicile of the husband is the domicile of the wife is well settled; it was so expressly held in Anderson v. Watts, 138 U.S. 694, 706, 11 S.Ct. 449, 34 L.Ed. 1078. * * *"

See, also, Hopkins v. Fachant, 9 Cir., 130 F. 839, 843. And this court has followed the rule of the Tsoi Sim case. Ex parte Goon Dip, D.C., 1 F.2d 811, 813.

The domicile and citizenship of Helene Williams Bolster became the same as that of Cecil Bolster upon their marriage, and she is a citizen of Iowa because her husband, Cecil Bolster, is a citizen of that state. Requisite diversity of citizenship exists in this case. It was properly removed here.

■ 4. Restraining proceedings in second state court case.

The legality of the removal of the first action does not alone establish the right of removing defendants to injunctive relief against further proceedings in the unremoved second state court action. As will be seen, that depends upon whether the two actions are in their nature proceedings in rem against the same thing, as distinguished from proceedings in personam where only a money judgment is sought.

In the case of Honolulu Oil Corp. v. Patrick, 9 Cir., 71 F.2d 654, it was held by the Circuit Court of Appeals for this circuit that where a former employee's action for breach of employment contract was removed to the federal court, the prosecution of a second action in the state court on the same cause of action, involving one defendant common to both actions and two new parties defendant added in the second action, could not be enjoined by the federal court, where the action was in personam and the custody of specific property was not involved. In so deciding, our Circuit Court of Appeals followed and applied the rule of the United States Supreme Court in the case of Kline v. Burke Const. Co., 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077. That rule has been approved in many federal court cases, recently in the case of Penn General Casualty Co. v. Pennsylvania, 294 U.S. 189, at page 195, 55 S.Ct. 386, 79 L.Ed. 850.

The only difference in nature between the above-cited Patrick case and the case at bar is that in the Patrick case the actions were on contract whereas here the actions are in tort; but in the Patrick case and here the actions are nevertheless alike in personam and do not involve the custody of specific property as a requisite of the court's jurisdiction. The rule of the Patrick and Kline cases, therefore, precludes this court from restraining the further proceedings in the unremoved second state court action involved with this case, because under the rule of the cited cases the effect of the second state court action will not defeat or impair the jurisdiction of this court in the removed action.

The parties are, therefore, left to proceed, at least until a judgment is obtained, in this removed action and in the second state court action, as they may be advised. The order to show cause and the rule thereof will be vacated and set aside.

An order carrying the foregoing into effect may be settled upon notice or stipulation.

### On Rehearing.

Upon motion of defendants Bolster a rehearing has been had on that part of the court's memorandum decision filed December 29, 1939, which ruled that the removing defendants were not entitled to an order of this court restraining plaintiffs from pro-

ceeding further in the unremoved second state court action, and directed the vacation of the show cause order in connection with defendants' application for such restrainer.

This court does not agree with the soundness of the Patrick case, 71 F.2d 654, and its supporting authorities as applied to removal situations like those involved in the Patrick case and in the case at bar. If after removal of one case from the state to a federal court the plaintiff can file and proceed with a second case in the state court on the same cause of action by merely decreasing the amount of his claim to a sum below the jurisdictional amount or by adding new parties defendant, and thereby defeat the effect of removal of the first action, the result is to materially interfere with the jurisdiction of the federal court on removal. That is one result of the Patrick case. But this court feels bound to apply the Patrick case rule here because the facts here are thought not distinguishable in principle from those involved in the Patrick case. Upon rehearing this court is, therefore, compelled to adhere to its former opinion expressed in the memorandum decision of December 29, 1939.