## JACOBSON v. MALAXA.

United States District Court
S. D. New York.
June 7, 1953.

Javits & Javits, New York City, for plaintiff.

Berle, Berle, Agee & Land, New York City, for defendant.

EDELSTEIN, District Judge.

Plaintiff, a non-resident United States national, moves to remand this action to the Supreme Court of the State of New York, whence it was removed by the defendant alien. It is alleged, and denied, that the defendant is, and was at the time of the petition for removal, a "resident" of New York.

Prior to the 1948 revision of the Judicial Code, removal of a diversity or an alienage case was permitted where the defendant was a "non-resident" of the state in which the suit was brought. (See former § 71 of 28 U.S.C., old Judicial Code § 28.) The weight of authority seems to have been that a resident alien could not remove. Rich v. Corno Mills, D.C., 300 F. 236; Eddy v. Casas, C.C., 118 F. 363; Walker v. O'Neill, C.C., 38 F. 374; Cud-ahy v. McGeoch, 37 F. 1; contra: Best v. Great Northern Railway Co., D.C., 243 F. 789. Hence, the term "non-resident" was treated as meaning something distinct from "non-citizen". See also, Davidson v. Montana-Dakota Power Co., D.C., 22 F.2d 688, 689. But other cases indicated that the terms should be treated as equivalents. Best v. Great Northern Railway Co., supra; Wise v. Bolster, D.C., 31 F.Supp. 856; Kinsel v. Pickens, D.C., 25 F.Supp. 455; Causey v. Lockridge, D.C., 22 F.Supp. 692; Purcell v. British Land & Mortgage Co., Ltd., C.C., 42 F. 465. An analysis of the cases discloses that perhaps the real distinction was not that between residence and citizenship, but that between mere residence and such residence as amounts to domicile. See Kinsel v. Pickens, supra, 25 F.Supp. at page 456. Since a citizen of the United States is a citizen of the state in which he is domiciled, a non-domiciliary residence in another state, some courts held, did not preclude removal by that "resident", despite the statutory terminology. The 1948 revision, 28 U.S.C. § 1441 (b), changed the terminology of the former statute to permit removal by non-citizens instead of by non-residents. This change resolves the former confusion, with respect to United States nationals, by substituting the concept of domicile for that of mere residence, in conformity with the cases which held non-residence to be equivalent to non-citizenship. See Moore's Commentary on the U.S. Judicial Code (1949), page 233. But the use of the term "citizen" adds confusion to the problem of removal by an alien. The term, in this context, has no significance beyond domicile for a national of the United States, but of course it has an added significance for an alien. If the term is literally construed, an alien domiciliary would have an unlimited right to remove on the basis of diversity, while a citizen's right of removal is strictly limited.

It is doubtful that such a result was intended. The Reviser's Note sheds no light on the problem and it is possible that this situation was not contemplated by the statute. But the word used in the statute, unlike the word "non-resident", is plain and unambiguous. It admits of no interpreta-

112

tion (by this court, at least) in the vein of the older cases which construed the word "non-resident" in the light of the domiciliary concept of citizenship. I do not feel at liberty to revise or amend legislation, and, with some misgiving, I am unwilling to hold that the statutory term "citizen" means merely a domiciliary when an alien is concerned.

Thus, in my view of the case, it is unnecessary to reach the issue of the defendant's residence or domicile, and the motion to remand will be denied.